IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TERESA VALENCIA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:08-cv-069-WKW |
| ) | |
| DEPARTMENT OF INTERIOR, ) | |
| WASHINGTON, DC, *et al.*, ) | |
| Defendants. ) | |

### **ORDER**

Upon referral of this case for action on all pretrial matters and for recommendation as may be appropriate (Doc. 3), the undersigned Magistrate Judge considers the *pro se* Plaintiff's *Application to Proceed without prepayment of Fees and Affidavit* (Doc. 2, filed January 30, 2008) and the Amended *Application to Proceed without prepayment of Fees and Affidavit* (Doc. 5, filed February 6, 2008).

The court wishes the plaintiff to understand *fully* the limited nature of being allowed to proceed *in forma pauperis*. This status does permit the plaintiff to *commence* this lawsuit without *prepayment* of fees and court costs, but it does not permit the plaintiff to maintain the lawsuit without incurring any personal expenses.

The Plaintiff should understand that she *may* incur expenses as a result of the prosecution of this case, and there is no provision for the court's payment of those expenses. For example, in the event of a trial, the Plaintiff may compel the attendance of witnesses through subpoena *only* by tendering to each witness payment of a one-day witness fee of $40,

plus mileage. Additionally, court costs, in varying amounts, can be very substantial, and they are normally assessed against the losing party. This means that a plaintiff who loses a case may be charged with, and obligated to pay, *all* court costs, even though the plaintiff is proceeding *in forma pauperis*,

Having advised the Plaintiff of the possible expense of litigation, it is **ORDERED** that the applications are **GRANTED**.

DONE this 7th day of February, 2008.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE