IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| TERESA VALENCIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | 3:08-CV-069-WKW |
| | ) | |
| DEPARTMENT OF INTERIOR, | ) | |
| WASHINGTON, D.C.; | ) | |
| CATHERINE FARMER LIGHT, | ) | |
| SUPERINTENDENT, IN HER | ) | |
| INDIVIDUAL CAPACITY | ) | |
| AND OFFICIAL CAPACITY; AND | ) | |
| HERBERT TYRONE BRANDYBURG, | ) | |
| SUPERINTENDENT, IN HIS | ) | |
| INDIVIDUAL CAPACITY AND | ) | |
| OFFICIAL CAPACITY, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MEMORANDUM IN SUPPORT
## OF MOTION TO DISMISS

**COME NOW** Defendants, by and through Leura G. Canary, United States

Attorney for the Middle District of Alabama, and submit this Memorandum in Support of

their Motion to Dismiss Plaintiff's claims against them pursuant to Rules 12(b)(1) and

12(b)(6) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction

and failure to state a claim upon which relief may be granted.

## STATEMENT OF THE CASE

Plaintiff, an employee of the United States Department of Interior ("DOI"), has

filed this lawsuit pro se and seeks to recover seven million dollars in damages for

allegedly being exposed to hazardous work conditions during the course of her

employment, being subjected to undefined "disparate treatment," and having her requests

for sick leave denied by her supervisors. (Docket No. 6, Amended Complaint, ¶¶ 5-11, 12-16, Relief Sought). Although not entirely clear, she appears to seek this relief under a tort and worker's compensation theory (references to hazardous working environment, negligence, and worker's compensation); the Family Medical Leave Act ("FMLA") (references to denied sick leave); the United States Constitution (references to 42 U.S.C. §§ 1983 and 1986, and the Fourth, Eighth, and Fourteenth Amendments); an employment discrimination theory (references to the Civil Rights Act and sexual orientation harassment); and breach of an implied contract (referenced on first page). (Amended Comp.). Plaintiff also seeks injunctive relief under the Federal Anti-Injunction Act, 28 U.S.C. § 2283. (Amended Comp., page one & Relief Sought). She names as defendants two supervisors in their individual and official capacities, Catherine Farmer Light and Herbert Tyrone Brandyburg, and the DOI. (Amended Comp. ¶¶ 2-3, 13).

In her Amended Complaint, Plaintiff makes various allegations spread over six counts and thirty numbered paragraphs. She alleges that she has been employed as a Museum Specialist with the DOI at the Tuskegee Institute National Historic Site ("Tuskegee Institute") since October 2002. (Amended Comp. ¶ 13). In her first Count, entitled "Violation of Equal Protection and Hazardous Negligence," Plaintiff claims that she endured "unsafe, unhealthful working environments" when she worked with museum objects "heavily laced with arsenic and lead" and was moved to an office with "mold spores." (Amended Comp. ¶¶ 5-11). She further claims that Defendant Brandyburg knew about the lead "contamination" but failed to warn her of it. (Amended Comp. ¶ 5).

In her second Count, entitled "Violation of Deliberate Indifference to medical well being," Plaintiff complains that she was diagnosed with coronary artery disease, that

- 2 -

she had to take sick leave, and that her supervisor requested "in-depth medical documentation ... in excess of the medical certification required under the Family Medical Leave Act (FMLA)." (Amended Comp. ¶¶ 12-16). She further complains that she developed carpel tunnel syndrome while setting up a museum exhibit, and that her supervisors allowed a hostile work environment to exist for her based on rumors about her sexual orientation or perceived sexual orientation. (Amended Comp. ¶¶ 17-18). Plaintiff's remaining four Counts, entitled "Negligence [sic] Estoppels [sic]," "Violation of 14th Amendment Due Process,""Compensatory Damages," and "Loss of Enjoyment of Life and Suffering of Mental anguish," appear to provide more factual allegations relating to Plaintiff's alleged exposure to hazardous working conditions and her requests to take sick leave. (Amended Comp., Counts III-VI). ¶

Plaintiff lacks any legal or factual basis to recover the damages sought in this lawsuit. First, Plaintiff's negligence and other tort claims can only be asserted against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) & 2671-2680, and Plaintiff has not complied with the FTCA's mandatory administrative exhaustion requirements. Her failure to exhaust deprives this Court of jurisdiction to hear her tort claims. Moreover, Plaintiff cannot recover damages in federal court under the FTCA for any on-the-job injuries because her exclusive remedy for such injuries is the Federal Employees Compensation Act, 5 U.S.C. § 8101 et seq. Second, Plaintiff cannot pursue an FMLA claim regarding Defendant's decisions regarding her sick leave because Congress did not provide full-time federal employees with such a cause of action. Third, Plaintiff's cannot pursue constitutional claims against her employer and

individual supervisors because such claims are barred by sovereign immunity and precluded by the Civil Service Reform Act. Fourth, Plaintiff fails to state a claim for employment discrimination because she did not name the proper party-defendants, fully exhaust her claims, or plead a claim upon which relief can be granted. Fifth, this Court lacks jurisdiction over any breach-of-implied-contract claim. Finally, Plaintiff cannot obtain injunctive relief under the Federal Anti-Injunction Act, 28 U.S.C. § 2283, because it is simply not applicable. In short, for the reasons set forth below, this Court should dismiss all the conceivable claims possibly pled in Plaintiff's Amended Complaint.

## ARGUMENT AND CITATION OF AUTHORITY

This Court should dismiss Plaintiff's claims against Defendants due to lack of subject matter jurisdiction and failure to state claims upon which relief may be granted. When ruling on a Rule 12(b)(1) motion to dismiss for lack of jurisdiction, the Court may consider documents outside the pleadings and make factual findings. See Williamson v. Tucker, 645 F.2d 404, 412-415 (5th Cir. 1981). A court must dismiss a claim when it determines that it lacks subject matter jurisdiction. See Marshall v. Gibson's Products, Inc., 584 F.2d 668, 671-672 (5th Cir. 1978). The party seeking to pursue a claim in federal court bears the burden of showing the existence of subject matter jurisdiction. See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). Furthermore, a court should dismiss a complaint for failure to state a claim under Rule 12(b)(6) when, assuming the factual allegations are true, the plaintiff can prove no set of facts entitling him to relief. See Jackson v. Bellsouth Telecommunications, 372 F.3d 1250, 1262 (11th Cir. 2004). Under this standard, a plaintiff cannot rely merely on

- 4 -

"labels and conclusions," but must plead sufficient facts to raise a claim for relief above the speculative level. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007).

I.    **The United States Has Been Substituted as the Exclusive Defendant in Plaintiff's Negligence and other State-law Claims and Her Claims Against All Other Defendants Must Be Dismissed.**

As a preliminary matter, this Court should dismiss Plaintiff's tort and other state-law claims against Defendants Light and Brandyburg and the DOI. See 28 U.S.C. § 2679(b)(1). The Westfall Act, 28 U.S.C. 2679, provides absolute immunity to federal employees for common-law torts committed within the scope of their employment. See S.J. & W. Ranch v. Lehtinen, 913 F.2d 1538, 1540 (11th Cir. 1990), amended, 924 F.2d 1555 (11th Cir. 1991); 28 U.S.C. § 2679(b)(2). The purpose of the Westfall Act is "to protect federal employees from personal liability for common law torts committed within the scope of their employment," while also providing an appropriate remedy against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) & 2671-2680. See Lehtinen, 913 F.2d at 1540. Pursuant to the Westfall Act, the United States Attorney has certified that Defendants Light and Brandyburg were acting within the scope of their federal employment at the time of the incidents giving rise to Plaintiff's claims. (See Scope-of-Employment Certification, Exhibit 1 to Notice of Substitution).

The Attorney General's scope-of-employment certification has the immediate effect of substituting the United States as the sole party defendant on Plaintiffs tort and other state-law claims. See 28 U.S.C. 2679 (d)(1). See also Matsushita Electric Company v. Zeigler, 158 F.3d 1167, 1168-71 (11th Cir. 1998). Upon this substitution, Plaintiff's tort and other state-law claims shall proceed exclusively as claims against the United States under the FTCA, 28 U.S.C. §§ 1346 (b), 2671-2680, and this Court's

- 5 -

subject-matter jurisdiction is circumscribed by the FTCA's jurisdictional limits.  See 28 U.S.C. § 2679 (d)(4).  See also Mitchell v. Carlson, 896 F.2d 128, 134 (5th Cir. 1990) ("An action against a federal employee who has been certified as acting in the scope of ... employment must proceed exclusively against the United States under the FTCA"); Galvin v. OSHA, 860 F.2d 181, 183 (5th Cir. 1988) ("an FTCA claim against a federal agency or employee as opposed to the United States must be dismissed...").

Furthermore, the absolute immunity of the Westfall Act extends to all civil actions "arising out of or relating to the same subject matter" as the state-law claims in which the United States has been substituted as the defendant, except for constitutional claims and federal statutory claims.  See 28 U.S.C. § 2679(b)(2).  Plaintiff's claims all arise out of or relate to her alleged treatment while she was employed at the Tuskegee Institute.  (Amend. Complaint, generally).  Accordingly, Plaintiff's claims against Defendants Light and Brandybury as individuals are precluded by the Westfall Act except for her constitutional and federal statutory claims.[1]  See 28 U.S.C. §§ 2679(b)(1) & (2).  This Court must thus dismiss Plaintiff's state-law claims against all Defendants except for those against the United States under the FTCA.  See Green v. Hill, 954 F.2d 694, 696 (11th Cir. 1992), amended, 968 F.2d 105 (11th Cir. 1992).

---

[1]For the reasons set forth infra, Plaintiff's constitutional and federal statutory claims against Defendants Light and Brandyburg in their individual capacities fail as a matter of law and must be dismissed.

- 6 -

II.    **Plaintiff's FTCA Claims Must Be Dismissed for Lack of Jurisdiction.**

    A.    **Plaintiff Failed to Exhaust her FTCA Claims.**

This Court should dismiss Plaintiff's negligence and other tort claims because she has not complied with the jurisdictional prerequisites of the FTCA. See McNeil v. United States, 508 U.S. 106, 111-113 (1993); Suarez v. United States, 22 F.3d 1064, 1065-66 (11th Cir. 1994). The FTCA, as a limited waiver of sovereign immunity, is explicit in setting forth the requirements for invoking a court's subject matter jurisdiction to hear tort claims against the United States. The FTCA provides, in pertinent part, that:

> An action shall not be instituted upon a claim against the United States for money damages or lost property ... caused by the negligent or wrongful act ... of an employee of the government while acting within the scope of his ... employment unless the claimant shall have first presented the claim to the appropriate federal agency and his claim shall have been finally denied by the agency in writing....

See 28 U.S.C. 2675(a). Thus, a plaintiff must present a written administrative claim to the agency whose activities gave rise to the claim and have the claim finally denied before filing a lawsuit. See McNeil, 508 U.S. at 111-113. The law is clear that "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." See id. at 113. Failure to comply with the administrative remedies mandates dismissal. See 28 U.S.C. § 2679(d)(5).

In Plaintiff's Amended Complaint, Plaintiff does not allege that she filed a claim administratively with the DOI before filing this lawsuit. As a result, the DOI reviewed its records. The review established that Plaintiff did not file an administrative claim and has failed to comply with the FTCA's administrative requirements. (See April 22, 2008, Declaration of Marcella Gibson, attached as Exhibit 1 to Defendants' Motion to Dismiss). Accordingly, this Court lacks jurisdiction to consider Plaintiff's negligence or

other tort claims.  See McNeil, 508 U.S. at 111-13; Suarez, 22 F.3d at 1065.  See also Singleton v. Burchfield, 362 F. Supp. 2d 1291, 1297 (M.D. Ala. 2005) (dismissing FTCA claim when plaintiff failed to file administrative claim); Ivey v. United States, 873 F. Supp. 663, 669 (N.D. Ga. 1995) (same).

**B.    Plaintiff FTCA Claims are Barred by the Federal Employees Compensation Act.**

Plaintiff's FTCA claims seeking to recover for injuries incurred on-the-job due to hazardous work conditions also fail as a matter of law because the Federal Employees Compensation Act ("FECA"), 5 U.S.C. § 8101 et seq., is the exclusive remedy for federal employees who suffer on the job injuries in the course of their employment.  See Noble v. United States, 216 F.3d 1229, 1234 (11th Cir. 2000).  Pursuant to FECA, federal employees "are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without the need for litigation, but in  return they lose the right to sue the Government."  See Lockheed Aircraft Corp. v. United States, 460 U.S. 190, 193-194 (1983).  Under the FECA's administrative scheme, the Secretary of Labor is vested with the power to "administer, and decide all questions arising under" FECA, and his decisions are not subject to review in court.  See 5 U.S.C. §§ 8128(b), 8145.  This exclusive remedy bars any attempt by Plaintiff to sue directly in federal district court for damages related to on-the-job injuries under the FTCA or any other theory.[2] See 5 U.S.C.

---

[2]The language is quite explicit: "[t]he liability of the United States ... with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States ... to the employee, his legal representative, spouse, dependents, next of kin, and any other person otherwise entitled to recover damages from the United States ... because of the injury or death in a direct judicial proceeding, in a civil action, or in admiralty, or bay an administrative or judicial proceeding under a workmen's compensation statute or under a Federal tort liability statute."  5 U.S.C. § 8116.

§ 8116(c); Noble, 216 F.3d at 1234.  See also White v. United States, 143 F.3d 232, 234-235 (5th Cir. 1998); Ezekiel v. Michel, 66 F.3d 894, 898 (7th Cir. 1995).

In the present case, Plaintiff's allegations of negligence and allegedly hazardous work conditions relate to her alleged exposure to lead, arsenic, and mold spores, and her alleged development of carpel tunnel syndrome.  (Amended Comp. ¶¶ 5-11, 17-18). These injuries allegedly developed while she was working as a Museum Specialist with the DOI at the Tuskegee Institute.  (Amended Comp. ¶ 13).  Accordingly, they are on-the-job injuries that are covered by FECA and her FTCA claims must be dismissed.  See Noble, 216 F.3d at 1234; White, 143 F.3d at 235; Ezekiel, 66 F.3d at 898.

## III.    Plaintiff Has No Private Cause of Action Under the FMLA.

This Court should dismiss Plaintiff's FMLA claims because she does not have a private right of action to enforce the statute in federal court.  See Mann v. Haigh, 120 F.3d 34, 37 (4th Cir. 1997).  The United States and its agencies, as sovereign, is immune from suit in court except where Congress has specifically waived that immunity.[3]  See United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Sherwood, 312 U.S. 584, 586 (1941).  See also FDIC v. Meyer, 510 U.S. 471, 475 (1994) ("Absent waiver, sovereign immunity shields the Federal Government and its agencies from suit.").  The waiver of sovereign immunity must be unequivocally expressed in statutory text.  See Lane v. Pena, 518 U.S. 187, 192 (1996).  As set forth below, Congress did not provide a private cause of action for federal employees with more than twelve-months of service

---

[3]A claim against a federal employee in his official capacity is construed as a claim against the United States.  See Kentucky v. Graham, 473 U.S. 159, 165-166 (1985); Unimex, Inc. v. United States Dep't of Housing & Urban Dev., 594 F.2d 1060, 1061-1062 (5th cir. 1979) (per curiam).

such as Plaintiff to sue to enforce the FMLA in court, and thus such claims are barred by sovereign immunity. See Mann v. Haigh, 120 F.3d 34, 37 (4th Cir. 1997).

The FMLA grants private and federal employees the right to take leave for family or medical reasons under certain circumstances as set out in the statute. See 5 U.S.C. § 6382(a)(1). Title I of the FMLA applies to private employees and federal employees with less than twelve months of service, while Title II of the FMLA applies to federal employees with more than twelve months of service. See 29 U.S.C. §§ 2601 et seq. (Title I) and 5 U.S.C. §§ 6381 et seq. (Title II).[4] Title I and Title II contain similar substantive provisions regarding leave rights, but they differ fundamentally regarding the remedies available to the covered employees. See Mann, 120 F.3d at 37. Specifically, Congress provided in Title I an express provision allowing the covered employees a private cause of action to enforce their FMLA rights in court whereas Congress did not include such a provision in Title II. See Mann, 120 F.3d at 37. Compare 29 U.S.C. § 2617 (Title I) with 5 U.S.C. §§ 6381-6387 (Title II).

Courts analyzing this explicit statutory framework have consistently held that federal employees covered by Title II of the FMLA do not have a private cause action in federal court to enforce the FMLA. See Russell v. United States Department of the Army, 191 F.3d 1016, 1019 (9th Cir. 1999); Mann, 120 F.3d at 37; Silva v. Porter, 2006 U.S. Dist. LEXIS 46567, at *27 (M.D. Fla. July 10, 2006); Sullivan-Obst v. Powell, 300 F. Supp. 2d 85, 99 (D.D.C. 2004); Keen v. Brown, 958 F. Supp. 70, 74-75 (D. Conn. 1997). See also Carlson v. White, 133 Fed. Appx. 144, 144-145 (5th Cir. 2005) (per

---

[4]The term "employee" is defined in Title II to mean a person appointed to a civil service position in the Executive Branch of the United States who has completed at least 12 months of service as an employee. See 5 U.S.C. §§ 6381(1) (A) & (B) (citing 5 U.S.C. § 6301(2), which in turn cites 5 U.S.C. § 2105(a)(1)(D)).

curiam) ("Federal employees with more than twelve months of service do not have a private cause of action for FMLA violations."). The courts note that the framework established by Congress does not waive the United States' sovereign immunity. See, e.g., Keen, 958 F. Supp. at 74 ("No ... waiver of sovereign immunity is present in the FMLA."). Instead, these courts note that federal employees covered by Title II of the FMLA who wish to challenge agency decisions relating to the FMLA must pursue the administrative scheme set forth in the Civil Service Reform Act ("CSRA"), 5 U.S.C. § 1101 et seq. See Keen, 958 F. Supp. at 75.

Plaintiff admits that she has been a Museum Curator with the United States Department of the Interior since at least 2002. (Amended Comp. ¶ 13). Accordingly, she is a federal employee with more than twelve months of service and she is governed by Title II of the FMLA. See 5 U.S.C. §§ 6381(1) (A) & (B). It follows that her FMLA claims must be dismissed because Congress has not waived the United States sovereign immunity to provide for a private cause of action under the FMLA.[5] See Russell, 191 F.3d at 1019; Mann, 120 F.3d at 37; Sullivan-Obst, 300 F. Supp. 2d at 99.

_____

[5]Since there is no private action under the FMLA for federal employees like Plaintiff, the claims against Defendants Light and Brandyburg in their individual capacities fail as a matter of law as well. The claims against Defendants Light and Brandyburg in their individual capacities fail for the additional reason that the FMLA does not allow public employees to sue their supervisors as individuals. See Wascura v. Carver, 169 F.3d 683, 687 (11th Cir. 1999) (holding that supervisor working for non-federal public employer, in individual capacity, was not employer subject to suit under the FMLA and thus such claims against individual supervisors had to be dismissed for lack of subject matter jurisdiction).

IV.    **Plaintiff's Constitutional Claims Fail as a Matter of Law.**

A.    **Plaintiff's 42 U.S.C. §§ 1983 and 1986 Claims Against Defendants Light and Brandyburg in Their Official Capacities and the DOI Are Barred By Sovereign Immunity.**

The Court should dismiss Plaintiff's 42 U.S.C. §§ 1983 and 1986 claims against Defendants Light and Brandyburg in their official capacities and the DOI because they are barred by sovereign immunity.  A claim against a federal employee in his official capacity or against a federal agency is construed as a claim against the United States. See Graham, 473 U.S. at 165-166.  The United States has not waived its sovereign immunity to suit under the civil rights statutes such as sections 1983, 1985, and 1986. See United States v. Timmons, 672 F.2d 1373, 1380 (11th Cir. 1982); Unimex, 594 F.2d at 1062.  See also Harrison v. Potter, 323 F. Supp. 2d 593, 604 (S.D.N.Y. 2004) ("Because the United States has not waived its sovereign immunity for constitutional tort claims under the Civil Rights Act, this Court dismisses [Plaintiff's] § 1983 ... claims for lack of subject matter jurisdiction").

B.    **Plaintiff's 42 U.S.C. § 1983 Claims Against Defendants Light and Brandyburg in their Individual Capacities Fail As A Matter of Law.**

Plaintiff's § 1983 claims against Defendants Light and Brandyburg in their individual capacities fail as a matter of law because the statute does not provide a cause of action against federal officials in their individual capacities or against federal agencies.[6]  Section 1983 is a civil rights statute that provides a cause of action for damages against any "[p]erson who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory," violates a plaintiff's constitutional rights.

---

[6]Notably, Plaintiff also erroneously relies on the Fourteenth Amendment and its Equal Protection clause, which do not apply to the Federal government and its officers.  See, e.g., District of Columbia v. Carter, 409 U.S. 418, 424-425 (1973).

See 42 U.S.C. § 1983.  Section 1983 thus allows plaintiffs to bring actions for damages against defendants acting under "color of state law."  See Norton v. McShane, 332 F.2d 855, 862 (5th Cir. 1964) (emphasis added).  The statute does not provide a cause of action for plaintiffs to sue federal employees who act under color of federal law.  See Wheeldin v. Wheeler, 373 U.S. 647, 650 & n.2 (1963); Mack v. Alexander, 575 F.2d 488, 489 (5th Cir. 1978).  The Fifth Circuit has even observed that the statute, by its text, is so plainly limited to actions against state and not federal officials that "no discussion can make it clearer than appears from its reading."  See Norton, 332 F.2d at 862.

In the present case, Plaintiff makes allegations against a federal agency and her supervisors who were employed by that federal agency.  (Amended Comp., generally).  Defendants are thus federal officials operating under color of federal law, and are not state, county, city, or municipality officials, and thus do not act under color of state law.  Plaintiff's Section 1983 claims against them, therefore, must be dismissed for lack of subject matter jurisdiction and failure to state claims upon which relief may be granted.  See Norton, 332 F.2d at 862; Bernard v. Calejo, 17 F. Supp. 2d 1311, 1314 (S.D. Fla. 1998)("Because federal officials do not act under color of state law, plaintiffs may not ... bring a section 1983 claim against them").

### C.    Plaintiff's 42 U.S.C. § 1986 claims Against Defendants Light and Brandyburg in their Individual Capacities Fail As A Matter of Law.

This Court should also dismiss Plaintiff's § 1986 claims against Defendants Light and Brandyburg in their individual capacities.  Section 1986 provides a cause of action against public officials who fail to prevent conspiracies to violate 42 U.S.C. § 1985.  See Park v. City of Atlanta, 120 F.3d 1157, 1159-60 (11th Cir. 1997).  Since Plaintiff does not allege a violation of section 1985, her section 1986 claim fails as a matter of law.

See id.; Jensen v. Henderson, 315 F.3d 854, 862 (8th Cir. 2002). See also Zachay v. Metzger, 967 F. Supp. 398, 401 & n.3 (S.D. Cal. 1997) (dismissing section 1986 claim when plaintiff lacked section 1983 and 1985 claims).

> **D.** **Plaintiff's Constitutional and section 1986 Claims are Precluded by the Civil Service Reform Act and Fail as Matter of Law.**

Finally, this Court should also dismiss Plaintiff's constitutional claims under the Fourth, Eighth, and Fourteenth Amendments and her section 1986 claims because there is no constitutional cause of action available for federal employees to sue their employing agency or supervisors. See Bush v. Lucas, 462 U.S. 367 (1983). In Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971), the Supreme Court created a limited private cause of action, directly under the United States Constitution, allowing an individual to recover damages against a federal employee who, acting under color of federal law, violated a constitutional right. See Hardison Cohen, 375 F.3d 1262, 1264 (11th Cir. 2004). The Supreme Court, however, limited such relief to situations when "(1) the plaintiff has no alternative means of obtaining redress and (2) no 'special factors counseling hesitation' are present." Id. After Bivens was decided, the Supreme Court applied these factors and specifically rejected the creation of a Bivens remedy in relation to employment-related claims asserted by federal employees. See Bush, 462 U.S. at 388-390; Hardison, 375 F.3d at 1264-1265; Stephens v. Dep't of Health and Human Servs., 901 F.2d 1571, 1577 (1990).

In Bush, the Supreme Court held that a federal employee who contests his or her termination cannot assert a Bivens action against his supervisor for alleged constitutional violations because civil service regulations give a federal employee ample protection from arbitrary action by a supervisor. See Bush, 462 U.S. at 388-390. The Court noted

that federal employees are "protected by an elaborate, comprehensive scheme that encompasses substantive provisions forbidding arbitrary action by supervisors and procedures – administrative and judicial – by which improper action may be addressed."[7] Id. at 385.  The Supreme Court concluded that, because federal-sector employee claims "arise of out of an employment relationship that is governed by comprehensive procedural and substantive provisions giving meaningful remedies against the United States," it would be "inappropriate for [a court] to supplement the regulatory scheme with a new judicial remedy" allowing for damages against individual supervisors for alleged violations of constitutional rights.  Id. at 368 (emphasis added).

In other words, the Supreme Court in Bush explicitly "recognized Congress' institutional competence in crafting appropriate relief for aggrieved federal employees as a 'special factor counseling hesitation in the creation of a new remedy' for federal employees directly under the Constitution."  See Correctional Service Corp. v. Malesko, 534 U.S. 61, 68 (2001).  Consistent with the Supreme Court's decision in Bush, the Eleventh Circuit has made it clear that "the comprehensive statutory scheme established by Congress relating to federal employment (CSRA) precludes the maintenance of job-related Bivens actions by federal employees."  See Lee v. Hughes, 145 F.3d 1272, 1275 (11th Cir. 1998) (emphasis added); Stephens, 901 F.2d at 1577; McCollum v. Bolger, 794 F.2d 602, 606-607 (11th Cir. 1986); Wells v. FAA, 755 F.2d 804, 810 (11th Cir. 1985).  The comprehensive administrative scheme created by Congress bars Bivens claims even for federal employees who are not afforded administrative remedies under

_____

[7]This scheme includes the federal civil service laws, which broadly define prohibited personnel actions and provide administrative remedies for employees.  See Leonard, 146 F. Supp. 2d 1227, 1234 (discussing the CSRA and holding a federal employee could not maintain job-related Bivens claims).

the CSRA.  See Lee, 145 F.3d at 1272.  See also Hardison, 375 F.3d at 1265 (noting creation of Bivens remedy for federal employees would "thwart" the will of Congress).

In this case, Plaintiff's constitutional claims under the Fourth, Eighth, and Fourteenth Amendments arise out of actions allegedly taken by her supervisors during the course of her federal employment.  (Amended Comp., generally).  As a result, these claims are precluded by the authority of Bush and its progeny.  See Hardison, 375 F.3d at 1265; Lee, 145 F.3d at 1272; Leonard, 146 F. Supp. 2d at 1235.  Plaintiff's constitutional and section 1986 claims should thus be dismissed for failure to state claims upon which relief may be granted.  See Bush, 462 U.S. at 388-390; Hardison, 375 F.3d at 1269; Lee, 145 F.3d at 1275; Stephens, 901 F.2d at 1577; Leonard, 146 F. Supp. 2d at 1235.

**V.    Plaintiff's Employment Discrimination Claims Fail as a Matter of Law.**

This Court should dismiss any claims by Plaintiff for alleged disparate treatment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., for failure to state any claims upon which relief may be granted.  Settled Supreme Court and Eleventh Circuit precedent establish that Title VII, with its administrative exhaustion requirements, is the "exclusive judicial remedy for claims of discrimination in federal employment."  See Brown v. General Serv. Admin., 425 U.S. 820, 824 (1976); Pueschel v. United States, 369 F.3d 345, 353 (4th Cir. 2004); Harrison v. Potter, 323 F. Supp. 2d 593, 605 (S.D.N.Y. 2004).  It is preemptive of any other remedy.  See Brown, 425 U.S. at 824.[8]  To the extent Plaintiff seeks to pursue a disparate treatment claim under Title VII, she fails to state any claim upon which relief may be granted for a number of reasons.

---

[8]Indeed, Title VII precludes any attempt to use sections 1985 and 1986 to challenge alleged discrimination in the workplace.  See Great Am. Fed. Sav. & Loan Assoc. v. Novotny, 442 U.S. 366, 375-376 (1979) ("If a violation of Title VII could be asserted through section 1985(3), a complainant could avoid most if not all of these detailed and specific provisions of the law.").

First, Plaintiff cannot, as a matter of law, assert Title VII claims against any Defendant named in this lawsuit.  See Canino v. United States EEOC, 707 F.2d 468, 469 (11th Cir. 1983).  The plain text of the statute provides that any Title VII action may proceed, if at all, only against the head of the federal agency that employed the plaintiff, in his or her official capacity.  See 42 U.S.C. § 2000e-16(c).  See also Canino, 707 F.2d at 472 (holding that "the head of the agency involved is the only appropriate defendant in a Title VII action" against a federal employer).  Accordingly, a federal employee may not sue individual supervisors or federal agencies under Title VII.  See Canino, 707 F.2d at 472.  Plaintiff has not named the head of the DOI, in his official capacity, as a defendant.

Second, even if she had named the property party, Plaintiff's Title VII claims fail as a matter of law because Plaintiff failed to exhaust her administrative remedies.  See Crawford v. Babbitt, 186 F.3d 1322, 1326 (11th Cir. 1999).  Federal employees who wish to pursue discrimination or retaliation claims must first make informal contact with an equal employment counselor within 45 days of the alleged discrimination or retaliation and must comply with all deadlines and cooperate in the administrative process.  See Crawford, 186 F.3d at 1326; Puckett v. Potter, 342 F. Supp. 2d 1056, 1063 (M.D. Ala. 2004); Thompson v. West, 883 F. Supp. 1502, 1507-1508 (M.D. Ala. 1995).  If a plaintiff fails to timely exhaust her claims prior to filing a lawsuit, then her claims must be dismissed.  See Thompson, 883 F. Supp. at 1507-1508.  In the present case, Plaintiff has not alleged and cannot show that she exhausted her mandatory administrative remedies.

Finally, even if Plaintiff had named the proper party and exhausted her administrative remedies, her attempt to purse Title VII claims in this lawsuit would still fail as a matter of law.  Plaintiff references an alleged hostile work environment based on her sexual orientation.  (Amend. Comp. ¶ 18).  Title VII prohibits an employer from

- 17 -

discriminating against an employee because of "such individual's race, color, religion, sex, or national origin." <u>See</u> 42 U.S.C. § 2000e-2(a)(1).  The statute does not, however, provide a cause of action for alleged discrimination on the basis of a plaintiff's sexual orientation.  <u>See</u>, <u>e.g.</u>, <u>Vickers v. Fairfield Med. Ctr.</u>, 453 F.3d 757, 764-765 (6th Cir. 2006); <u>Medina v. Income Support Div.</u>, 413 F.3d 1131, 1135 (10th Cir. 2005); <u>Higgins v. New Balance Athletic Shoe, Inc.</u>, 194 F.3d 252, 259 (1st Cir. 1999).  Accordingly, Plaintiff's attempt to sue for sexual orientation harassment fails as a matter of law.  <u>See Higgins</u>, 194 F.3d at 259 ("[W]e regard it as settled law that ... Title VII does not proscribe harassment simply because of sexual orientation.").

**VI.    This Court Lacks Jurisdiction Over Any Breach of Implied Contract Claim.**

This Court should dismiss Plaintiff's breach of an implied contract claim because the United States has not waived its sovereign immunity nor conferred jurisdiction for Plaintiff to assert such claims in federal district court.[9]  While the United States has waived its sovereign immunity for "any claim against the United States ... upon any express or implied contract with the United States," it has <u>not</u> conferred jurisdiction upon federal district courts to hear all such claims.  <u>See</u> 28 U.S.C. § 1491(a)(1).  Instead, pursuant to the Little Tucker Act, Congress has only given  federal district courts subject matter jurisdiction to hear contract claims against the United States "<u>not exceeding $10,000 in amount</u>." <u>See</u> 28 U.S.C. § 1346(a)(2) (emphasis added).  Congress conferred upon the Court of Federal Claims sole and exclusive jurisdiction over any breach of contract claims against the Federal government that exceed $10,000.  <u>See Friedman v. United States</u>, 391 F.3d 1313, 1315 (11th Cir. 2004).

---

[9]Plaintiff provides no facts supporting the existence of any such implied contract, but simply references such a contract on the first page of her Complaint.

In this case, Plaintiff seeks seven million dollars in damages. (Amended Comp., Relief Sought). Since Plaintiff's claims relate to an alleged contract and exceed the jurisdictional maximum of this Court set by the Tucker Act, her contract claims against the Federal Defendants must be dismissed due to sovereign immunity and lack of jurisdiction.[10] See Friedman, 391 F.3d at 1315 ("[T]he Tucker Act ... requires that claims against the United States for amounts in excess of $10,000 founded on contracts ... be brought in the Court of Claims"). In any event, the law is well-established that Federal civil service employees cannot assert implied breach of contract claims against the United States. See Hauschild v. United States, 53 Fed. Cl. 134, 144 (Ct. Cl. 2002).

## VII.    Plaintiff Has No Claim for Injunctive Relief under 28 U.S.C. § 2283.

Finally, while Plaintiff requests injunctive relief pursuant to 28 U.S.C. § 2283, this statutory provision is entirely irrelevant to any facts in this complaint. Section 2283, also known as the Federal Anti-Injunction Act, provides that federal courts cannot enjoin state proceedings unless there exists one of several specifically-defined exceptions. See Bayshore Ford Truck Sales, Inc. v. Ford Motor Co., 471 F.3d 1233, 1249-1250 (11th Cir. 2006). Since there is no state action that Plaintiff seeks to enjoin in the Amended Complaint, she has not stated a claim under this statute. See, e.g., Lowrie v. United States, 558 F. Supp. 1029, 1032 (D. Col. 1983) ("Because there is no state action with which to interfere, this statute is not applicable").

---

[10] Besides the fact that Defendants Light and Brandyburg enjoy absolute immunity on this claim under the Westfall Act, Supreme Court authority clearly provides that federal officials are not individually liable on federal contracts. See Hodgson v. Dexter, 5 U.S. 345, 355-356 (1803).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant this Motion in its entirety and dismiss all Plaintiff's claims against them.

Respectfully submitted this 29th day of April, 2008.

LEURA G. CANARY

United States Attorney

By:    s/James J. DuBois
JAMES J. DUBOIS
Assistant United States Attorney
Georgia Bar No. 231445
United States Attorney's Office
Post Office Box 197
Montgomery, AL 36101-0197
Telephone: (334) 223-7280
Facsimile: (334) 223-7418
E-mail:  james.dubois2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed, by United States Postal Service, a copy of same to the following non-CM/ECF participant(s):

Teresa Valencia
6730 Pamela Court
Montgomery, AL 36116

s/James J. DuBois
Assistant United States Attorney

EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TERESA VALENCIA            :       CIVIL ACTION
                                    :
     Plaintiff,               :
                                      :
       v.                   :       NO. 1:01-CV-0600
                                      :
U.S. DEPARTMENT OF THE INTERIOR, :
                                      :
     Defendant.

DECLARATION OF MARCELLA GIBSON

I, Marcella Gibson, state as follows:

1.      I am the Regional Tort Claims Officer for the National Park Service, a bureau within the Department of the Interior, duty stationed in Atlanta, Georgia. The National Park Service includes the Southeastern United States.

2.      As a part of my duties as the Regional Tort Claims Officer for the National Park Service, I am responsible for the processing of all administrative tort claims arising out of the National Park Service activities within the Southeast.

3.      As of the date of this Declaration, Teresa Valencia has not filed an administrative claim in accordance with the Federal Tort Claims Act, with the National Park Service.

I declare under penalty of perjury pursuant to 28 U.S.C. section 1746, that the foregoing is true and correct. Executed this 22 day of April, 2008.

_Marcella Gibson_
Marcella Gibson