IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED

| | |
|---|---|
| TERESA VALENCIA (Pro'se) | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| V. | ) CIVIL ACTION NO.: |
| | ) 3:08-CV-069-WKW |
| | ) JUDGE TERRY F. MOORER |
| | ) |
| DEPARTMENT OF INTERIOR | ) |
| WASHINGTON, D.C.; | ) |
| CATHERINE FARMER LIGHT, | ) |
| SUPERINTENDENT, IN HER | ) |
| INDIVIDUAL CAPACITY | ) |
| AND OFFICIAL CAPACITY; AND | ) |
| HERBERT TYRONE BRANDYBURG, | ) |
| SUPERINTENDENT, IN HIS | ) |
| INDIVIDUAL CAPACITY AND | ) |
| OFFICIAL CAPACITY, | ) |
| | ) |
| | ) |
| Defendants, | ) |

**Motion for Judgment as a Matter of Law, pursuant to FED Rules of Civil
Procedure, Rule 50(a)(2)**

COMES NOW, Teresa Valencia, in want of counsel and submit's the, "Motion for
Judgment as a Matter of Law, pursuant to FED Rules of civil procedure, Rule
50(a)(2).....

## STATEMENT OF FACTS

The Plaintiff ("Valencia") states on June 10, 2008, the undersign cause to be filed a
Motion for Judgment on the Pleadings pursuant to FED Rules of civil procedure, Rule
12(c), this motion was in response to the "Defendants" Motion to Dismiss by Department
of Interior, Washington, D.C., Catherine Farmer Light, Herbert Tyrone Brandyburg.
(DuBois, James) (Entered: 4/29/2008).....

The Plaintiff ("Valencia") filed the Judgment on the Pleadings, pursuant to FED. Rules.
Of. Civil. Procedure, Rule 12(c), the argument is clearly seen that the court has original
Jurisdiction, pursuant to Title 42 U.S.C. § 1983; § 1983 investes jurisdiction to the

"Federal Forum" when any persons rights have been violated by federal statute or state statute, or an individuals rights have been violated under the United States Constitution. See Alexander vs. City of South Bend, 256 F. Supp. 2d 865, Heard vs. Sheahan, 253 F. 3d 316, 317-318 (7th cir.2001). A § 1983 claims accrues when a "plaintiff" knows or has knowledge of injury, which is the basis of the Plaintiff's action. Honda, Inc. vs. Sterling 21 F. 3d 775, 778 (7th cir. 1994).

## JUDGMENT AS A MATTER OF LAW

The Plaintiff ("Valencia") brought forth the Title 42 U.S.C. § 1983, claim against the two "Defendants" in their individual capacity and official capacity for violating "her" Constitutional Rights, and for violating Color of Federal Law. The § 1983 Statute affords an individual the Right to Redress himself or herself for a civil right violation....

Section § 1983 creates a cause of action based upon personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitution deprivation.....

Plaintiff ("Teresa") brought "her" claims against two Superintendents, so the "Respondent Superior" claims is pleaded in the Title 42 U.S.C. § 1983 civil right automatically; Rizzo vs. Goode, 424 U.S. 363, 371, 96 S. ct. 598, 604, 46 L. Ed 2d. 561 (1976)......

Due to Defendants acting in their individual capacity and violating , the Plaintiff's ("Teresa") Federal Constitutional Rights under 14th Amendment, and for violating Color of Federal Law. The Plaintiff ("Teresa") has met the Constitutional requirements, which are clearly established in law, see: Title 42 U.S.C. § 1983......

The Plaintiff ("Teresa") established in her argument the "Defendants" were acting in their "official capacity," the Plaintiff states "she" pleaded in the "Motion for Judgment on the Pleadings," that the defendants violated her Federal constitutional rights, and violated Color of Federal Law, and as a cause the Defendants injured her. Familia Unidas vs. Brisoe, 619 F. 2d 391, 403 (5th cir. 1980); Hughes vs. Blankenship, 672 F. 2d 403, 406 (4th cir. 1982).

## Plaintiff Exhausted Federal Remedies

The Plaintiff ("Teresa) states Title 42 U.S.C. 1983, Plaintiff don't have to exhaust their remedies, because Congress didn't intend for the statute to have an Exhaust Standard, but in Federal Tort Claim Act ("F.T.C.A."), 28 U.S.C. § § 1346(b) & 2671-2680, see Behtinen, 913 F. 2d at 1540, Pursuant to the Westfall Act, the United States Attorney has certified that Defendants Light and Brandyburg were acting within the scope of their federal employment at the time of the incidents given the plaintiff's claim (see. Scope of Employment Certification, Exhibit 1 to Notice of Substitution)....

Plaintiff ("Teresa") states the Defendants were sued in their official capacity due to the standard prones of the statute § 1983, the Plaintiff ("Teresa") has only to show (1) the Defendants violated her 14th Amendment Right, (2) Defendants were Acting under Color of Federal Law, and (3) the Defendants injured the Plaintiff ("Teresa")…

Plaintiff states Federal Tort Claim Act ("F.T.C.A.) 28 U.S.C. § 1346(b) & 2671-2680, Plaintiff did exhaust her Federal remedies: See: Wendell J. Echols sworn affidavit, he swears under the penalty of perjury that Ms. Valencia filed a complaint with "OSHA'" and other agencies, which investigated the matter, and found the Department of Interior facility wasn't kept up in accordance with Federal mandates. The United States has waived such immunity when representing the Defendants in their individual capacity, and due to this, the Government has taken up (count III-VI) and the damages are on the government, see Common Law Tort, 28 U.S.C. § 1346(b)…..

Plaintiff states she went through administrative program officer to "her", and attached to this "Motion" is the exhibits, which is the "Motion for Judgement on the Pleadings, pursuant to Rule 12(b), such motion shows that Plaintiff claims have grounds, and merits to stand, and Plaintiff ("Teresa") states Defendants Attorney should be sanctioned in pursuant to Rule 11(c), for submitting a motion which was brought in bad-faith and for the purpose to waste the courts time. See: U.S. Department of Labor 5/04/2007-5/07/2007 (inspection date(s); inspection number) 310772330, (Issuance Date) 07/20/2007; the proper documents were filed to the Administrative Department, and the material, which caused the Plaintiff ("Teresa") medical condition were found in the work site.

### The Defendants Attorney Admitted Such Wrong…….

The Defendants Attorney admitted such wrong; stated the Plaintiff ("Teresa") states her 14th Amendment Right to Procedural Due Process, "compensatory damages", and "loss of enjoyment of life, and suffering of mental anguish," appears to provide more factual allegations relating of Plaintiff's alleged exposure to hazardous working conditions and her requests to take sick leave (amended comp., counts II-VI) as a Matter of Law and facts the Plaintiff seeks to be awarded damages as the court seeks they could be granted pursuant to counts II-IV…

### Conspiracy to interfere with Civil Rights pursuant to 28 U.S.C. § 1985 (3) 1986 Negligence to stop a conspiracy…

The Plaintiff ("Teresa") pleads 1986 Negligence to Stop a Conspiracy, due to this the plaintiff pleas, "Conspiracy to Interfere with Civil Rights". The two issue(s) a raised when Supervisor Mr. Herbert Tyrone Brandyburg and Catherine Farmer Light was fully aware of the contaminated museum collection, bud did absolutely nothing to inform ("Teresa") of this fact prior to nor after my acceptance of the Museum Specialist position at Tuskegee Institute National Historic Site and had direct knowledge about the contaminated collection.

The Plaintiff ("Teresa") stated upon notification from the Field Museum in Chicago, Illinios, I ("Teresa") requested from both Superintendent Catherine Farmer Light and former Supervisor, Herbert Tyrone Brandyburg to be tested for "occupational exposure" to lead and arsenic. Both Superintendent Catherine Farmer Light and former Supervisor, Mr. Herbert Tyrone Brandyburg were unwilling to assist me. Assistance was only made available after I ("Teresa") made contact with Washington, D.C. office and informed Mr. Louis Rowe and Mr. Edward Perez about my safety concerns. Both of these gentlemen work safety positions with the National Park Service...

Eventually I was sent to the Richard B. Russell Building Health Unit located at 75 Spring Street, S.W. in Atlanta, Georgia on April 3, 2007. On April 13, 2007, I received a call from the Health Unit stating that a portion of my specimens were missing and I would need to be retested. (Note: wrote several letters to the Health Unit requesting the chain of custody for my specimens, but never received any response). On April 16, 2007, the contaminated museum collection at the park had disappeared. See: Complaint prg. 7 and 8.....

Plaintiff ("Teresa") states: To establish a claim for civil conspiracy under 1985 (3) and neglect to stop a conspiracy, a plaintiff must demonstrate has the plaintiff has established, (1) the existence of a conspiracy, (2) a purpose of depriving a person or class of equal protection of the law, (3) an act in furtherance of a conspiracy, and (4) on injury to person, property, or a deprivation of a right or privilege granted to U.S. Citizen or Citizens. See: Hernandez vs. Joliet Police Dep't, 197 F. 3d 256, 263 (7th cir. 1999).

The Plaintiff states more suffered on a class based invidiously discriminatory animus behind the conspirators' actions, and that the conspirator ("Defendants") aimed at interfering with the Plaintiff's right to procedural due-process which are protected against private, as well as official encroachment, see: Majeske vs. Fraternal Order of Police, Local Lodge No. 7, 94 F. 3d 307, 311 (7th cir. 1996).

The Plaintiff ("Teresa") states the Defendants were trying to hide information from Washington, and this established existence of a conspiracy. The Plaintiff ("Teresa") states the Defendants ("conspirators ") were in agreement, to hide such information, and the Defendants inflicted harm, which caused injuries on the Plaintiff, in other words, the Defendants acted in one sinlge plan, the general nature and scope of which was known to each conspirator. See: Hernandez 197 F 3d at 263.

The Plaintiff ("Teresa") states the Defendants Conspirator Agreement "may" be inferred from circumstantial evidence, but only if it is sufficient to permit a reasonable injury to conclude that a meeting of the minds had occurred. In this case, Plaintiff has shown the prones in "her" argument is clear in the language, Hernandez, 197 F. 3d at 263.

Such argument should be judged on the merit and controlling case law......

## Conclusion

Plaintiff ("Teresa") states she's not an attorney and is in want of counsel, due to her status as being a I.F.P. and Pro'Se Litigent, and invokes the Lenient Pleading Standards under Haines vs. Kerner, 404 U.S. 519, 521 (1972); Plaintiff ("Teresa") respectfully requests the court not to hold against her any perceived under developed argument as indicative of paucity of argument so as to ignore or summarily dismiss plaintiff and argument...

## Relief Sought

Plaintiff ("Teresa") states she would like to be rewarded the fee's which the court see fit on the merit, laws, and facts, pursuant to 42 U.S.C. § 1983, from the named Defendants in their individual capacity and official capacity for amongst other things Federal Statutory Violations and Constitutional Violations.

Date                                              Respectfully submitted

_July 24, 2008_                          _Teresa L. Odlin_, Pro Se

# EXHIBIT
# A

# Motion for Judgment on the pleadings

**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| TERESA VALENCIA (Pro Se) | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No: |
| | ) 3:08-cv-069WKW |
| | ) |
| DEPARTMENT OF INTERIOR, | ) |
| WASHINGTON, D.C.; | ) |
| CATHERINE FARMER LIGHT, | ) |
| SUPERINTENDENT, IN HER | ) |
| INDIVIDUAL CAPACITY | ) |
| AND OFFICIAL CAPACITY; AND | ) |
| HERBERT TYRONE BRANDYBURG, | ) |
| SUPERINTENDENT, IN HIS | ) |
| INDIVIDUAL CAPACITY | ) |
| AND OFFICIAL CAPACITY, | ) |
| | ) |
| Defendants. | ) |

Ammended complaint Motion for Judgement on the Pleadings Pursuant to Fed. Rules. Of. Civil Procedure; Rule 12 ( c ) not Rule 11 ( c )

Comes now, Teresa Valencia, in want of counsel and submits the Motion for Judgement on the Pleadings Pursuant to FED. R. Civ.Pro. Rule 12 ( c ) and state the Attorney of Records have submitted the motion for dismissal in bad-faith pursuant amongst – other things, Under Rule 12 (b)1, Rule 12 (b)6. The Plaintiff ("Teresa") states the court has jurisdiction over the subject matter, due to the "federal forum" has jurisdiction over the "Persons" who are named in the 42 U.S.C. §1983. Chavez vs Illinois State police, 251F.3d 612, 648 (7th Cir. 2001), 194 F. 3d 850, 854 (7th cir 1999).

Title 42 U.S.C. §1983 invests jurisdiction to the "federal forum" when any persons rights have been violated by federal statute or state statute, or an individuals rights have been violated under the United States Constitution. See: Alexander vs City of South Bend, 256 F. Supp.2d 865, Heard vs Sheahan, 253 F. 3d 316, 317-318 (7th cir. 2001). A §1983 claim accrues when a "plaintiff" knows or has reason to know of injury which is the basis of the plaintiff's action. Honda, inc vs Sterling, 21 F. 3d 775, 778 (7th cir. 1994).

The plaintiff ("Teresa") brought forth the Title 42 U.S.C. §1983, §1986, claims against the two defendants in their individual capacity for violating her Constitutional Rights under, and for violating color of Federal law, the §1983 statute grant citizens and non-citizens the Right to Sue any person for violating a citizen (persons) Consititutional

Rights, Under the United States Constitution, this was pleaded in the Plaintiff ("Teresa") complaint, and raises federally pursuant to §1983, §1986.

Section §1983 creates a cause of action based upon personal liability and predicated upon fault. An individual cannot be held liable in a §1983 action unless he caused or participated in an alleged constitution deprivation. Plaintiff ("Teresa") Brought her claims against two Superintendents, so the "Respondent Superior" claims is pleaded in the 42 U.S.C. §1983 Civil Right suit automatically; see: Rizzo vs Goode, 424 U.S. 363 371, 96 s.ct. 598, 604, 46 L.Ed.2d 561 (1976).

Due to the Defendants acting in their individual capacity & violating the Plaintiff ("Teresa") Federal Constitutional Rights under the 8th & 14th amendment and for violating color of Federal law, the Plaintiff ("Teresa") has met the standard requirements of clearly established law, and due to the official capacity being raised, the suit is against the United States, due to the Defendants acting as agents, because of their status as employers of the "Department of Interior", the Plaintiff ("Teresa") states the defendant violated the Plaintiff's Constitutional Rights & violated color of Federal law, and due to these requirements, the Plaintiff ("Teresa") suffered injuries, because of the Defendants neglecting of their duties to seriously pay attention to the plaintiff ("Teresa") administrative complaints to ("Department of Interior"). See: Exhibits attached to the Motion.

Plaintiff ("Teresa") states the §1983 creates a remedy for damages against the Defendants in both capacities, individual & official pursuant to Monell, Supra, 436 U.S. 658, 690 N.55 s.ct.2018, 2035 N.55, 56 L.ed.2d 611 (1978); Familias Unidas vs Brisoe, 619 F2d 391, 403 (5th cir. 1980); damages may be awarded against a defendant in his official capacity only if they would be recoverable against the government entity. Monell, Supra, Hughes vs. Blankenship, 672 F.2d 403, 406 (4th cir. 1982); the law clearly established that a governmental entity, such as the "Department of Interior," will be liable when through the execution of a Government's Policy or Custom, whether made by its law-makers or by those whose edicts or acts may fairly be said to represent official policy, which when Defendants were sent the Administrative Complaint, which the Superintendents; Catherine Farmer Light, Herbert Tyrone Brandyburg were negligent in their duties as ("Superintendents") of the "Department of Interior."

Plaintiff States the Certification of Scope of Employment acted contrary to the custom, policies, and regulations, which the institution "Department of Interior" regulates, and the United States Attorney for the Middle District of Alabama, United States Department of Justice acting pursuant to the provision of 28 U.S.C. §2679 and by virtue of the authority vested in him by 28 U.S.T.R. §15.3, but nowhere is there anything where Leura G Canary swears under the Penalty of Perjury Attested to, for the purpose of Perjury on his or her signature. See Exhibit 1.

As a Preliminary matter, this court should review Plaintiff's Tort and other State-law claims against Defendants Light and Brandyburg and the Department of Interior. The Defendants Light and Brandyburg absolute immunity fails as a matter under the Westfall

Act, 28 U S C  §2679, because the Defendants Light and Brandyburg violated Plaintiff ("Teresa") Federal Constitutional Rights and violated the color of Federal Law. and the Plaintiff ("Teresa") was injured by the negligence of the Defendants. Light and Brandyburg's conduct.

Plaintiff ("Teresa") stated the purpose of the Westfall Act is "to protect federal employees from personal liability for common law torts committed within the scope of their employment," while also providing an appropriate remedy against the United State under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§1346 (b) & 2671-2680 see behtinen. 913 F.2d at 1540. Pursuant to the Westfall Act. the United States Attorney has certified that Defendants Light and Brandyburg were acting within the scope of their federal employment at the time of the incidents given the Plaintiffs claim, (see Scope of Employment Certification, Exhibit 1 to Notice of Substitution)

Plaintiff ("Teresa") states the Defendants was sued in their official capacity due to the standard prones of the common law §1983, the Plaintiff ("Teresa") has only to show (1) a Federal Constitutional Right was violated, (2) Defendants were acting under color of Federal Law, and (3) the Defendants injured the Plaintiff.

The Plaintiff ("Teresa") states the Attorney General's scope-of-employment certification has only been certified after the fact, and the "retroactive clause" shouldn't be granted. because of the Defendant's knowingly violated the Plaintiff ("Teresa") Federal Constitutional Rights, and violated the color of Federal Law. and the plaintiff was injured by the Defendant's actions

The Plaintiff states "absolute immunity" can-not stand. but "qualified immunity," the test of qualified immunity for Federal employees sued under 42 U.S.C. §1983 is whether in performing discretionary functions. they have engaged in conduct that violates clearly established Constitutional Rights of which reason person would have known, immunity may thus be established either on basis that right allegedly (or actually) violated was not at time one "clearly established" or that, though "clearly established" (and violated), it was one that "reasonable" person in officer's position could have failed to appreciate would be violated by his conduct 42 U.S.C. §1983, see: Pritchett vs. Alford, 973 F. 2d 307, see: Carlos Manuel Vazquez Night & Day; Coeur d'Alene, Beeard on the unraveling of the prospective - retrospective distinction in Eleventh Amendment Doctrine 87 Geo L. J. 1(1998), professor Barry Friedman of N.Y.U. Law Schools (Note Admitted) see: complaint 42 U.S.C. §1983, 1986, Notice of Unsafe or Unhealthful Working Conditions-Occupational Safety and Health Administration cited with 6 serious violations.

Plaintiff cites though Tuskegee Institute National Historic Site was cited with 6 serious violations park management still showed a lack of concern for employee safety. On Auguest 15, 2007, the facility manager Andrew Callens contracted the stripping/sealing of the floor tiles in the Carver Museum bathrooms. The park did not assign a properly trained contracting officer (COTR) to ensure that the contractors were in compliance with federal material safety data sheets (MSDS) for the chemicals (muriactic acid) being used

were not posted, and the ventilation was inadequate causing both breathing and eye irritation to both visitors and staff. Because I was running late for a doctors appointment I asked Interpretive Park Ranger Shirley Baxter to notify Administrative Officer Shirley Streeter about the safety issue, since Shirley Streeter was currently the Acting Superintendent. Upon notification of the safety concern Mr. Herbert Tyrone Brandyburg confiscated the (Muriatic Acid) and posted Material Safety Data Sheets for Mex Seal Topical Sealer and Stone Glamor Penetrant/Topical Sealer. Park Gardener Edward Wilson pointed out the container of Muriatic Acid.

August 17, 2007. I was verbally reprimanded by Facility Manager Andrew Callens for having pointed out several safety and health issues (i.e., mold spores growing on vents, water leaks from ceiling, lack of suitable screening for vermin prevention on exterior of Carver Museum) that the maintenance crew had overlooked when inspectors from Carter/Burgess out of Denver, Colorado, were conducting a building inspection.

Plaintiff states she went through Administrative Program Officer to "her", and attached to this "Motion" is the exhibits which are numerous in the amount, which show that Plaintiff claims have grounds and merits to stand, and Plaintiff ("Teresa") states Defendant's Attorney should be sanctioned in pursuant to Rule 11 ( c ) for submitting a motion which was filed in bad-faith and for the purpose to waste the courts times. See U.S. Department of Labor 5/04/2007 - 05/07/2007 (inspection date(s), inspection number) 310772330, (Issuance Date) 07/20/2007, the proper documents were filed to the Administrative Department, and the materials, which caused the Plaintiff ("Teresa") medical conditions were found in the work site.

The Plaintiff ("Teresa") states her 14th Amendment Right to procedure to due process "compensatory damages" and "loss of enjoyment of life and suffering of mental anguish," appear to provide more factual allegations relating to Plaintiff's alleged exposure to hazardous working conditions and her requests to take sick leave (Amended Comp., Counts III-VI) As a Matter of Law and facts the Plaintiff seeks to be awarded damages as the court seeks they could be granted by the counts III-VI).

The Plaintiff ("Teresa") states due to the numerous complaints, and Defendants had knowledge of the conditions of the workplace, and the (muriactic acid) and other materials being in the environment, but placed the plaintiff in another environment which had more dangerous materials, which caused the Plaintiff ("Teresa") to suffer continuous harm.

Plaintiff states Federal Tort Claims Act ("FTCA") 28 U.S.C. §1346 (b) & 2671-2680 Plaintiff did exhaustion requirement, see: Wendell J. Echols sworn affidavit he swears under the penalty of perjury that Ms Valencia filed a complaint with OSHA, and other agencies, which investigated the matter, and found the Department of Interior facility weren't kept up in accordance with Federal mandates. The United States has waived such immunity when representing the Defendant's in their individual capacity, and due to this, the Government has taken up the (count III - VI), and the damages are on the government, see Common Law Torts, 28 U.S.C. §1346 (b).

Plaintiff states Federal Employees Compensation Act. 5 U S C. §8101 et seq. is true. but Plaintiff went through procedures to request for compensation and nothing was happening and this caused the Plaintiff ("Teresa") to into debt so. due to this plaintiff (Teresa) was left with no other remedy but §1983, which gives standing (for any person who has been injured by an individual to bring an action, whether it be a statutory violation or federal constitutional violation. this gives the Federal court jurisdiction over the subject matter and jurisdiction over the person).

Plaintiff ("Teresa") states FTCA Requirements were met by the inquiry sent to the Department of Interior; OSHA; The FTCA provides. in pertinent part. that:

An action shall not be instituted upon a claim against the United States for money damages or lost property ... caused by the negligent or wrongful act ... of an employee of the government while acting with the scope of his ... employment unless the claimant shall have first presented the claim to the appropriate federal agency and his claim shall been finally denied by the agency in writing...

Plaintiff submit's the inquiries to the court in full and in part, which show the court she submitted administrative complaints to the agency, see. Mc.Neil 508 U.S at 111-113; see Notice of Alleged Safety or Health Hazards U.S. Department of Labor. 4-24-07

Plaintiff ("Teresa") states due to Defendants were given notice by the investigators that the site was hazardous, and contained lead exposure. arsenic and mold spores, and this caused the plaintiff to suffer syncope, carpal tunnel syndrome. yes they are on the job injuries, but the Plaintiff went through the administrative a grievance procedure. and the Defendants turned their heads away from the Plaintiff ("Teresa"), and this caused for 1986 Neglect to stop a conspiracy, due to Plaintiff ("Teresa") going to Washington. D.C offices, and reporting the Defendant's they became mad, and layed the Plaintiff ("Teresa") off without pay, and this was done in bad-faith for the purpose to harass the Plaintiff.

28 U.S.C. §1503 Can be seen on behalf of the Defendant obstruction of justice charges. because Defendants tried to stop Plaintiff from reporting Hazardous conditions to the Department of Interior; OSHA; because of the lack of properly and effectively keeping a safe environment for the workers at the Department of Interior, this constitutes lack of training procedures of the Department of Interior, so the United States Government would be responsible for the conduct of their agents. only when one (1) Federal Constitutional Right was violated. (2) Defendants violated color of Federal Law, and (3) Plaintiff was injured, in the official capacity under common law torts would be against the "Federal Actor." See: John C. Jeffries, Jr, Pamela S. Karlon, Peter W. Law & George A Ruther Glen, Civil Rights Action: Enforcing the constitution II (2000). See: id at 62-68, in conversation, John Jefferies has noted that constitutional violations are far more likely than statutory violations to sound in tort and thus to be amenable to enforcement through officer - liability suit under §1983; See Professor Barry Friedman of N.Y.U. Law school has suggested that this distinction simply make no sense

[The] Plaintiff was hurt because something the official did [M]aybe it was the Federal's or State's duty but the official's dereliction caused the damages, be they tort or contract ... [T]he state only can act through officers, and in Alden and other cases some (combination) of state or federal officers acted wrongly (albeit on behalf of the Government, state or federal, but they made the decision and they executed it) and should have to pay

Plaintiff states in Dwyer vs. Regan, 777 F 2d 825 (2d cir. 1985), the court stated as following (By contrast, Dwyer's requesting for compensatory and punitive damages was not barred while the court was, aware of no theory that would render Regan individually liable for Dwyer's back pay, such is not the case with respect to the claim for damages. While Regan had no duty in his individual capacity to pay Dwyer's salary, he did have a duty not to deny Dwyer's his federally protected right to due process. Thus, if Dwyer can establish that he requested and was denied predetermination hearing into his claim that the announced elimination of his position was a sham, there is no Eleventh Amendment impediment to his recovering damages for that denial from Regan. Similarly, if Dwyer were to establish that he timely requested and was denied a post termination hearing, there would be no Eleventh Amendment impediment to his being awarded damages for that denial, ID a 836-37

## Conclusion

Plaintiff ("Teresa") states she's not, an Attorney, and is in want of counsel, due to her status as being a I.F.P. Pro 'Se litigant. She prays' that the courts would look at substance over form in the complaint, and apply the correct standards of the language of the 42 U.S.C. 1983, 1986. Plaintiff submit's the exhibits to the court for the purpose to support her Motion for Judgement on the Pleadings, pursuant to FED. Rules of Civil Procedure: Rule 12 ( c ).

## Relief Sought

Plaintiff ("Teresa") States she would like to be rewarded the fee's which the court sees fit on the Laws & Facts, and on the merits of the 42 U.S.C. 1983 from the named Defendants in their individual capacity & official capacity for amongst other things federal statutory violations, and constitutional violations.

Date                                                    Respectfully Submitted

July 18, 2008                                           Teresa Valencia

# EXHIBIT B

# Notice of Substitution

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TERESA VALENCIA | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 1:01-CV-0600 |
| | : | |
| U.S. DEPARTMENT OF THE INTERIOR, | : | |
| | : | |
| Defendant. | : | |

DECLARATION OF MARCELLA GIBSON

I, Marcella Gibson, state as follows:

1.  I am the Regional Tort Claims Officer for the National Park Service, a bureau
    within the Department of the Interior, duty stationed in Atlanta, Georgia. The
    National Park Service includes the Southeastern United States.

2.  As a part of my duties as the Regional Tort Claims Officer for the National
    Park Service, I am responsible for the processing of all administrative tort
    claims arising out of the National Park Service activities within the Southeast.

3.  As of the date of this Declaration, Teresa Valencia has not filed an
    administrative claim in accordance with the Federal Tort Claims Act, with the
    National Park Service.

I declare under penalty of perjury pursuant to 28 U.S.C. section 1746, that the foregoing
is true and correct. Executed this 22 day of April, 2008.

_Marcella Gibson_

Marcella Gibson

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| TERESA VALENCIA (PRO SE) | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) CIVIL ACTION NO:. |
| v. | ) **3:08-cv-069-WKW** |
| | ) TERRY F. MOORER |
| | ) UNITED STATES MAGISTRATE JUDGE |
| DEPARTMENT OF INTERIOR, | ) |
| WASHINGTON, D.C., | ) |
| CATHERINE FARMER LIGHT, | ) |
| SUPERINTENDENT, IN HER | ) |
| INDIVIDUAL CAPACITY | ) |
| AND HER OFFICIAL CAPACITY; AND | ) |
| HERBERT TYRONE BRANDYBURG, | ) |
| SUPERINTENDENT, IN HIS | ) |
| INDIVIDUAL CAPACITY AND | ) |
| OFFICIAL CAPACITY | ) |
| | ) |
| Defendants. | ) |

## MOTION FOR LEAVE TO FILE EVIDENTUARY SUBMISSION IN SUPPORT OF AMMENDED COMPLAINT

These documents are being submitted to substantiate my claim that Herbert Tyrone Brandyburg and Catherine Farmer Light systematically impeded my ability to file for medical leave and compensation through normal protocol

Enclosed you will see email after email of denials, request upon request for previously submitted documentation that was continuously declined.

Respectfully yours,


Teresa Valencia
111. W. Orangewood Ave. J3
Anaheim, California 92802
(334)868-0901

# EXHIBIT C

# Wendell J. Echols Affidavit

### Sworn Affidavit

I Wendell J. Echols, Sr. do hereby submit this sworn affidavit as a statement to the disparate treatment of Ms. Teresa Valencia.

Since joining the Employees Union, American Federation of Government Employees Local #110 Ms. Valencia has been treated unfairly and retaliated against for her Union Leadership and trying to make the environment safer and more conducive to a positive workplace. She has been denied Workers Compensation assistance in filing the same, denied Family Medical Leave Act Rights, denied reasonable accommodations, and forced into a hardship by not allowing advanced sick leave or annual leave and practicing medicine by going against the doctor's orders and recommendations.

There have been other occasions that routine request were disapproved while other employees were approved for the same or similar request. Other employees were given the opportunity to work from home, but by her doctors recommendation she was not allowed to work from home. This is just a couple of incidents that I am aware occurred. There was an occasion when a temporary employee by the name of Tina Smiley at the Selma site accused Ms. Valencia at making an inappropriate pass at her. This accusation never transpired and as a result Ms. Valencia was banned from the Selma site thus *making her incapable of performing her duties. While none of this was sustained, she was* still banned from the Selma site.

I feel that Ms. Valencia has been retaliated against, because she used her right to call OSHA in on issues that were threatening to Ms. Valencia, volunteers, and youth that assisted in the care of museum collections. Prior to OSHA coming in there was no training, no personal protective equipment (PPE), and no Material Safety Data Sheets (MSDS), and no reference in the Automated National Catalog System (ANCS+) concerning toxic exposure from the Carver Collections. There never was a baseline analysis done for the presence of any toxic materials exposure in any employee.

Upon the arrival of the OSHA official, Mr. Tuxberry Suber II, he met with management, the Union and the employees regarding Health and Safety issues. At that time it was told to management that employees were exposed to lead and arsenic. Mold spores were found in the basement of the Carver Museum, and Ms. Valencia's worksite had no accommodations for females to use the restroom. Mr. Suber II expressed his concern for the way Ms. Valencia has been treated and that management should do everything in its power to assist her and to be more compassionate for her needs. Unfortunately this has not been the case. It is as if his bringing attention to this matter has placed roadblocks and obstructions to hinder progress in this matter. Mr. Tyrone Brandyburg began to harass Ms. Valencia after she notified OSHA of the Safety and Health concerns. This harassment started long before her calling OSHA, but increased after the call was made. At that time, the Superintendent, Catherine Farmer Light joined in on the harassment and it escalated to Ms. Valencia suffering poor health. This was magnified by the fact that she received no help administratively, physically or morally in her quest to do the right thing. She was threatened by Tyrone Brandyburg on two occasions questioning her doctor's

opinion and recommendations regarding her health and well being. Mr. Brandyburg and Catherine Farmer Light both accused Ms. Valencia of self contamination with lead and arsenic, which is absorbed and degrading to her professional abilities.

Management knew well in advance of the potential of exposure to lead and arsenic and even went as far as to encapsulate the specimens without communicating this to Ms. Valencia. At the time this was done, the proper PPE did not exist in the museum or the Tuskegee Site. She was ordered to purchase PPE and take training on these issues which was after the fact.

Management has suffered Ms. Valencia's physical, emotional, and financial hardship, all of which could have been handled without causing any hardship, but chose not to. Management has no compassion when it comes to doing the right thing. She was harassed by Ms. Shirley Streeter when during a meeting with her. Ms. Streeter refused to call Ms. Light in on an issue that could only be addressed by Ms. Light. She was harassed by Andrew Callens video taping Ms. Valencia's actions before she was relocated to the Carver Museum with less than a weeks notice. She was also harassed by Kevin Colley, who has no compassion by stating that OSHA sided with the National Park Service, which is an untruth. He also said that Ms. Valencia's complaint was a waste of time. All of this was done knowing that Ms. Valencia's health was declining. There are so many violations against Management, but without a signed Contract Agreement the Union is limited to the actions it must take.

If there are any more concerns you may contact me at (334)421-2113.

This affidavit is true to the best of my knowledge.

Respectfully Submitted

Wendell J. Echols, Sr., AFGE Local #110

*Wendell J. Echols Sr.*

# EXHIBIT D

# U.S. Department of Labor

**U.S. Department of Labor**
Occupational Safety and Health Administration

Inspection Number: 310772330
Inspection Dates: 05/04/2007 - 05/07/2007
**Issuance Date:**    07/20/2007



Notice of Unsafe or Unhealthful Working Conditions

**Company Name:**    Department of Interior-National Historic Site
**Inspection Site:**    Tuskegee Institute-1600 Boy Scout Circle, Tuskegee, AL  36088

---

Citation 1 Item 1 Type of Violation:  **Serious**

29 CFR 1910.141(b)(1)(i):  Potable water was not provided in all places of employment, for drinking, washing of the person, cooking, washing of foods, washing of cooking or eating utensils, washing of food preparation or processing premises, and personal service rooms:

    (a)    Maintenance Shed:  Employees were not provided drinking water when mowing, trimming, cutting, cultivating, maintaining equipment and grounds.

**Date By Which Violation Must be Abated:**        08/02/2007

Citation 1 Item 2 Type of Violation:  **Serious**

29 CFR 1910.141(d)(2)(iii):  Lavatories were not provided with hand soap or similar cleansing agent:

    (a)    Basement of G.W. Carver Museum: Employer did not provide hand soap for employees performing maintenance of museum displays and keeping the museum clean.

**Date By Which Violation Must be Abated:**        08/01/2007

Citation 1 Item 3 Type of Violation:  **Serious**

29 CFR 1910.1018(e)(2):  Initial monitoring was not performed for each workplace, or work operation covered by this section to accurately determine the airborne concentration of inorganic arsenic to which employees may be exposed:

    (a)    G.W.Carver Museum: Employer failed to conduct exposure measurements to ascertain the levels of arsenic for employees arranging, disassembling, rearranging, shipping, and receiving taxidermed artifacts.

**Date By Which Violation Must be Abated:**        08/08/2007

---

See pages 1 through 5 of this Notice for information on employer and employee rights and responsibilities.

Notice of Unsafe or Unhealthful Working Conditions            Page 6 of 9                    OSHA-2H (Rev. 9/93)

**U.S. Department of Labor**
Occupational Safety and Health Administration

Inspection Number: 310772330
Inspection Dates: 05/04/2007 - 05/07/2007
Issuance Date:    07/20/2007



Notice of Unsafe or Unhealthful Working Conditions

**Company Name:**   Department of Interior-National Historic Site
**Inspection Site:**   Tuskegee Institute-1600 Boy Scout Circle, Tuskegee, AL  36088

---

Citation 1 Item 4  Type of Violation:   **Serious**

29 CFR 1910.1025(d)(3)(i):  The initial determination for lead was not based on employee exposure monitoring results and other relevant considerations listed in (A), (B) and (C) of this paragraph:

    (a)    G.W.Carver Museum: Employer failed to provide exposure measurements to ascertain the levels of lead for employees arranging, disassembling, rearranging, shipping, and receiving taxidermed artifacts.

Date By Which Violation Must be Abated:                    08/02/2007

The alleged violations below have been grouped because they involve similar or related hazards that may increase the potential for illness.

Citation 1 Item 5a  Type of Violation:   **Serious**

29 CFR 1910.1025(l)(1)(i):  Employee(s) working in an area where there was potential exposure to airborne lead at any level were not informed of the content of Appendices A and B of this regulation:

    (a)    G.W. Carver Museum: Employees were not informed of the proper methods of personal protection, personal hygiene, and medical surveillance while arranging, disassembling, rearranging, shipping and receiving taxidermed artifacts in displays containing lead.

Date By Which Violation Must be Abated:                    08/08/2007

---

See pages 1 through 5 of this Notice for information on employer and employee rights and responsibilities.

Notice of Unsafe or Unhealthful Working Conditions          Page 7 of 9                    OSHA-2H (Rev. 9/93)

**U.S. Department of Labor**
Occupational Safety and Health Administration

Inspection Number: 310772330
Inspection Dates: 05/04/2007 - 05/07/2007
Issuance Date:      07/20/2007



Notice of Unsafe or Unhealthful Working Conditions

**Company Name:**    Department of Interior-National Historic Site
**Inspection Site:**    Tuskegee Institute-1600 Boy Scout Circle, Tuskegee, AL  36088

---

Citation 1 Item 5b  Type of Violation:   **Serious**

29CFR 1910.1200(h)(1):Employer did not provide employees with effective information and training on
hazardous chemicals in their work area at the time of their initial assignment, and whenever a new physical or
health hazard the employees have not previously been trained about is introduced into their work area.
Information and training may be designed to cover categories of hazards (e.g., flammability, carcinogenicity)
or specific chemicals. Chemical-specific information must always be available through labels and material
safety data sheets.

    (a)    Artifact Storage Department: Employer failed to provide adequate training for employees
            handling taxidermed artifacts containing hazardous chemicals such as, but not limited to,
            arsenic, compounds, with health effects, such as, but not limited to, skin disorders, digestive
            and respiratory system disorders.

Date By Which Violation Must be Abated:                          08/02/2007

Citation 1 Item 6  Type of Violation:   **Serious**

29 CFR 1910.1200(g)(8):  The employer did not maintain copies of the required material safety data sheets for
each hazardous chemical in the workplace:

    (a)    Artifact Storage Department: Employer failed to provide material safety data sheets for
            employees handling taxidermed artifacts containing hazardous chemicals, such as, but not
            limited to, arsenic and lead, with health effects, such as, but not limited to, central nervous
            system, reproductive, and renal disorders.

Date By Which Violation Must be Abated:                          08/02/2007

---

See pages 1 through 5 of this Notice for information on employer and employee rights and responsibilities.

**U.S. Department of Labor**
Occupational Safety and Health Administration

**Inspection Number:** 310772330
**Inspection Dates:** 05/04/2007 - 05/07/2007
**Issuance Date:** 07/20/2007



## Notice of Unsafe or Unhealthful Working Conditions

**Company Name:**   Department of Interior-National Historic Site
**Inspection Site:**   Tuskegee Institute-1600 Boy Scout Circle, Tuskegee, AL  36088

---

Citation 2 Item 1  Type of Violation:  **Other**

29 CFR 1904.32(b)(3): The Summary of Work-Related Injuries and Illnesses (OSHA Form 300A or equivalent) was not properly certified:

(a)    The OSHA 300A for the year 2003 not certified by the highest officer at the establishment.

ABATEMENT NOTE: The company executive that certifies the 300A must be one of the following: owner of the company, officer of the corporation, or the highest ranking company official at the establishment.

Date By Which Violation Must be Abated:                          07/26/2007

Ken Nishiyama-Atha
Area Director

---

See pages 1 through 5 of this Notice for information on employer and employee rights and responsibilities.

Notice of Unsafe or Unhealthful Working Conditions          Page 9 of 9          OSHA-2H (Rev. 9/93)

# EXHIBIT E

# Defendants Motion to Dismiss

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| TERESA VALENCIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | 3:08-CV-069-WKW |
| | ) | |
| DEPARTMENT OF INTERIOR, | ) | |
| WASHINGTON, D.C.; | ) | |
| CATHERINE FARMER LIGHT, | ) | |
| SUPERINTENDENT, IN HER | ) | |
| INDIVIDUAL CAPACITY | ) | |
| AND OFFICIAL CAPACITY; AND | ) | |
| HERBERT TYRONE BRANDYBURG, | ) | |
| SUPERINTENDENT, IN HIS | ) | |
| INDIVIDUAL CAPACITY AND | ) | |
| OFFICIAL CAPACITY, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MEMORANDUM IN SUPPORT
## OF MOTION TO DISMISS

**COME NOW** Defendants, by and through Leura G. Canary, United States

Attorney for the Middle District of Alabama, and submit this Memorandum in Support of

their Motion to Dismiss Plaintiff's claims against them pursuant to Rules 12(b)(1) and

12(b)(6) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction

and failure to state a claim upon which relief may be granted.

## STATEMENT OF THE CASE

Plaintiff, an employee of the United States Department of Interior ("DOI"), has

filed this lawsuit pro se and seeks to recover seven million dollars in damages for

allegedly being exposed to hazardous work conditions during the course of her

employment, being subjected to undefined "disparate treatment," and having her requests

for sick leave denied by her supervisors. (Docket No. 6, Amended Complaint, ¶¶ 5-11, 12-16, Relief Sought). Although not entirely clear, she appears to seek this relief under a tort and worker's compensation theory (references to hazardous working environment, negligence, and worker's compensation); the Family Medical Leave Act ("FMLA") (references to denied sick leave); the United States Constitution (references to 42 U.S.C. §§ 1983 and 1986, and the Fourth, Eighth, and Fourteenth Amendments); an employment discrimination theory (references to the Civil Rights Act and sexual orientation harassment); and breach of an implied contract (referenced on first page). (Amended Comp.). Plaintiff also seeks injunctive relief under the Federal Anti-Injunction Act, 28 U.S.C. § 2283. (Amended Comp., page one & Relief Sought). She names as defendants two supervisors in their individual and official capacities, Catherine Farmer Light and Herbert Tyrone Brandyburg, and the DOI. (Amended Comp. ¶¶ 2-3, 13).

In her Amended Complaint, Plaintiff makes various allegations spread over six counts and thirty numbered paragraphs. She alleges that she has been employed as a Museum Specialist with the DOI at the Tuskegee Institute National Historic Site ("Tuskegee Institute") since October 2002. (Amended Comp. ¶ 13). In her first Count, entitled "Violation of Equal Protection and Hazardous Negligence," Plaintiff claims that she endured "unsafe, unhealthful working environments" when she worked with museum objects "heavily laced with arsenic and lead" and was moved to an office with "mold spores." (Amended Comp. ¶¶ 5-11). She further claims that Defendant Brandyburg knew about the lead "contamination" but failed to warn her of it. (Amended Comp. ¶ 5).

In her second Count, entitled "Violation of Deliberate Indifference to medical well being," Plaintiff complains that she was diagnosed with coronary artery disease, that

- 2 -

she had to take sick leave, and that her supervisor requested "in-depth medical documentation ... in excess of the medical certification required under the Family Medical Leave Act (FMLA)." (Amended Comp. ¶¶ 12-16). She further complains that she developed carpel tunnel syndrome while setting up a museum exhibit, and that her supervisors allowed a hostile work environment to exist for her based on rumors about her sexual orientation or perceived sexual orientation. (Amended Comp. ¶¶ 17-18). Plaintiff's remaining four Counts, entitled "Negligence [sic] Estoppels [sic]," "Violation of 14th Amendment Due Process,""Compensatory Damages," and "Loss of Enjoyment of Life and Suffering of Mental anguish," appear to provide more factual allegations relating to Plaintiff's alleged exposure to hazardous working conditions and her requests to take sick leave. (Amended Comp., Counts III-VI). ¶

Plaintiff lacks any legal or factual basis to recover the damages sought in this lawsuit. First, Plaintiff's negligence and other tort claims can only be asserted against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) & 2671-2680, and Plaintiff has not complied with the FTCA's mandatory administrative exhaustion requirements. Her failure to exhaust deprives this Court of jurisdiction to hear her tort claims. Moreover, Plaintiff cannot recover damages in federal court under the FTCA for any on-the-job injuries because her exclusive remedy for such injuries is the Federal Employees Compensation Act, 5 U.S.C. § 8101 et seq. Second, Plaintiff cannot pursue an FMLA claim regarding Defendant's decisions regarding her sick leave because Congress did not provide full-time federal employees with such a cause of action. Third, Plaintiff's cannot pursue constitutional claims against her employer and

- 3 -

individual supervisors because such claims are barred by sovereign immunity and precluded by the Civil Service Reform Act. Fourth, Plaintiff fails to state a claim for employment discrimination because she did not name the proper party-defendants, fully exhaust her claims, or plead a claim upon which relief can be granted. Fifth, this Court lacks jurisdiction over any breach-of-implied-contract claim. Finally, Plaintiff cannot obtain injunctive relief under the Federal Anti-Injunction Act, 28 U.S.C. § 2283, because it is simply not applicable. In short, for the reasons set forth below, this Court should dismiss all the conceivable claims possibly pled in Plaintiff's Amended Complaint.

## ARGUMENT AND CITATION OF AUTHORITY

This Court should dismiss Plaintiff's claims against Defendants due to lack of subject matter jurisdiction and failure to state claims upon which relief may be granted. When ruling on a Rule 12(b)(1) motion to dismiss for lack of jurisdiction, the Court may consider documents outside the pleadings and make factual findings. See Williamson v. Tucker, 645 F.2d 404, 412-415 (5th Cir. 1981). A court must dismiss a claim when it determines that it lacks subject matter jurisdiction. See Marshall v. Gibson's Products, Inc., 584 F.2d 668, 671-672 (5th Cir. 1978). The party seeking to pursue a claim in federal court bears the burden of showing the existence of subject matter jurisdiction. See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). Furthermore, a court should dismiss a complaint for failure to state a claim under Rule 12(b)(6) when, assuming the factual allegations are true, the plaintiff can prove no set of facts entitling him to relief. See Jackson v. Bellsouth Telecommunications, 372 F.3d 1250, 1262 (11th Cir. 2004). Under this standard, a plaintiff cannot rely merely on

"labels and conclusions," but must plead sufficient facts to raise a claim for relief above the speculative level. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007).

I.     **The United States Has Been Substituted as the Exclusive Defendant in Plaintiff's Negligence and other State-law Claims and Her Claims Against All Other Defendants Must Be Dismissed.**

As a preliminary matter, this Court should dismiss Plaintiff's tort and other state-law claims against Defendants Light and Brandyburg and the DOI. See 28 U.S.C. § 2679(b)(1). The Westfall Act, 28 U.S.C. 2679, provides absolute immunity to federal employees for common-law torts committed within the scope of their employment. See S.J. & W. Ranch v. Lehtinen, 913 F.2d 1538, 1540 (11th Cir. 1990), amended, 924 F.2d 1555 (11th Cir. 1991); 28 U.S.C. § 2679(b)(2). The purpose of the Westfall Act is "to protect federal employees from personal liability for common law torts committed within the scope of their employment," while also providing an appropriate remedy against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) & 2671-2680. See Lehtinen, 913 F.2d at 1540. Pursuant to the Westfall Act, the United States Attorney has certified that Defendants Light and Brandyburg were acting within the scope of their federal employment at the time of the incidents giving rise to Plaintiff's claims. (See Scope-of-Employment Certification, Exhibit 1 to Notice of Substitution).

The Attorney General's scope-of-employment certification has the immediate effect of substituting the United States as the sole party defendant on Plaintiffs tort and other state-law claims. See 28 U.S.C. 2679 (d)(1). See also Matsushita Electric Company v. Zeigler, 158 F.3d 1167, 1168-71 (11th Cir. 1998). Upon this substitution, Plaintiff's tort and other state-law claims shall proceed exclusively as claims against the United States under the FTCA, 28 U.S.C. §§ 1346 (b), 2671-2680, and this Court's

- 5 -

subject-matter jurisdiction is circumscribed by the FTCA's jurisdictional limits. See 28 U.S.C. § 2679 (d)(4). See also Mitchell v. Carlson, 896 F.2d 128, 134 (5th Cir. 1990) ("An action against a federal employee who has been certified as acting in the scope of ... employment must proceed exclusively against the United States under the FTCA"); Galvin v. OSHA, 860 F.2d 181, 183 (5th Cir. 1988) ("an FTCA claim against a federal agency or employee as opposed to the United States must be dismissed...").

Furthermore, the absolute immunity of the Westfall Act extends to all civil actions "arising out of or relating to the same subject matter" as the state-law claims in which the United States has been substituted as the defendant, except for constitutional claims and federal statutory claims. See 28 U.S.C. § 2679(b)(2). Plaintiff's claims all arise out of or relate to her alleged treatment while she was employed at the Tuskegee Institute. (Amend. Complaint, generally). Accordingly, Plaintiff's claims against Defendants Light and Brandybury as individuals are precluded by the Westfall Act except for her constitutional and federal statutory claims.[1] See 28 U.S.C. §§ 2679(b)(1) & (2). This Court must thus dismiss Plaintiff's state-law claims against all Defendants except for those against the United States under the FTCA. See Green v. Hill, 954 F.2d 694, 696 (11th Cir. 1992), amended, 968 F.2d 105 (11th Cir. 1992).

---

[1]For the reasons set forth infra, Plaintiff's constitutional and federal statutory claims against Defendants Light and Brandyburg in their individual capacities fail as a matter of law and must be dismissed.

- 6 -

II.    **Plaintiff's FTCA Claims Must Be Dismissed for Lack of Jurisdiction.**

A.    **Plaintiff Failed to Exhaust her FTCA Claims.**

This Court should dismiss Plaintiff's negligence and other tort claims because she has not complied with the jurisdictional prerequisites of the FTCA. See McNeil v. United States, 508 U.S. 106, 111-113 (1993); Suarez v. United States, 22 F.3d 1064, 1065-66 (11th Cir. 1994). The FTCA, as a limited waiver of sovereign immunity, is explicit in setting forth the requirements for invoking a court's subject matter jurisdiction to hear tort claims against the United States. The FTCA provides, in pertinent part, that:

> An action shall not be instituted upon a claim against the United States for money damages or lost property ... caused by the negligent or wrongful act ... of an employee of the government while acting within the scope of his ... employment unless the claimant shall have first presented the claim to the appropriate federal agency and his claim shall have been finally denied by the agency in writing....

See 28 U.S.C. 2675(a). Thus, a plaintiff must present a written administrative claim to the agency whose activities gave rise to the claim and have the claim finally denied before filing a lawsuit. See McNeil, 508 U.S. at 111-113. The law is clear that "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." See id. at 113. Failure to comply with the administrative remedies mandates dismissal. See 28 U.S.C. § 2679(d)(5).

In Plaintiff's Amended Complaint, Plaintiff does not allege that she filed a claim administratively with the DOI before filing this lawsuit. As a result, the DOI reviewed its records. The review established that Plaintiff did not file an administrative claim and has failed to comply with the FTCA's administrative requirements. (See April 22, 2008, Declaration of Marcella Gibson, attached as Exhibit 1 to Defendants' Motion to Dismiss). Accordingly, this Court lacks jurisdiction to consider Plaintiff's negligence or

other tort claims. See McNeil, 508 U.S. at 111-13; Suarez, 22 F.3d at 1065. See also Singleton v. Burchfield, 362 F. Supp. 2d 1291, 1297 (M.D. Ala. 2005) (dismissing FTCA claim when plaintiff failed to file administrative claim); Ivey v. United States, 873 F. Supp. 663, 669 (N.D. Ga. 1995) (same).

**B.    Plaintiff FTCA Claims are Barred by the Federal Employees Compensation Act.**

Plaintiff's FTCA claims seeking to recover for injuries incurred on-the-job due to hazardous work conditions also fail as a matter of law because the Federal Employees Compensation Act ("FECA"), 5 U.S.C. § 8101 et seq., is the exclusive remedy for federal employees who suffer on the job injuries in the course of their employment. See Noble v. United States, 216 F.3d 1229, 1234 (11th Cir. 2000). Pursuant to FECA, federal employees "are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without the need for litigation, but in return they lose the right to sue the Government." See Lockheed Aircraft Corp. v. United States, 460 U.S. 190, 193-194 (1983). Under the FECA's administrative scheme, the Secretary of Labor is vested with the power to "administer, and decide all questions arising under" FECA, and his decisions are not subject to review in court. See 5 U.S.C. §§ 8128(b), 8145. This exclusive remedy bars any attempt by Plaintiff to sue directly in federal district court for damages related to on-the-job injuries under the FTCA or any other theory.[2] See 5 U.S.C.

---

[2]The language is quite explicit: "[t]he liability of the United States ... with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States ... to the employee, his legal representative, spouse, dependents, next of kin, and any other person otherwise entitled to recover damages from the United States ... because of the injury or death in a direct judicial proceeding, in a civil action, or in admiralty, or bay an administrative or judicial proceeding under a workmen's compensation statute or under a Federal tort liability statute." 5 U.S.C. § 8116.

§ 8116(c); Noble, 216 F.3d at 1234. See also White v. United States, 143 F.3d 232, 234-235 (5th Cir. 1998); Ezekiel v. Michel, 66 F.3d 894, 898 (7th Cir. 1995).

In the present case, Plaintiff's allegations of negligence and allegedly hazardous work conditions relate to her alleged exposure to lead, arsenic, and mold spores, and her alleged development of carpel tunnel syndrome. (Amended Comp. ¶¶ 5-11, 17-18). These injuries allegedly developed while she was working as a Museum Specialist with the DOI at the Tuskegee Institute. (Amended Comp. ¶ 13). Accordingly, they are on-the-job injuries that are covered by FECA and her FTCA claims must be dismissed. See Noble, 216 F.3d at 1234; White, 143 F.3d at 235; Ezekiel, 66 F.3d at 898.

**III.    Plaintiff Has No Private Cause of Action Under the FMLA.**

This Court should dismiss Plaintiff's FMLA claims because she does not have a private right of action to enforce the statute in federal court. See Mann v. Haigh, 120 F.3d 34, 37 (4th Cir. 1997). The United States and its agencies, as sovereign, is immune from suit in court except where Congress has specifically waived that immunity.[3] See United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Sherwood, 312 U.S. 584, 586 (1941). See also FDIC v. Meyer, 510 U.S. 471, 475 (1994) ("Absent waiver, sovereign immunity shields the Federal Government and its agencies from suit."). The waiver of sovereign immunity must be unequivocally expressed in statutory text. See Lane v. Pena, 518 U.S. 187, 192 (1996). As set forth below, Congress did not provide a private cause of action for federal employees with more than twelve-months of service

---

[3] A claim against a federal employee in his official capacity is construed as a claim against the United States. See Kentucky v. Graham, 473 U.S. 159, 165-166 (1985); Unimex, Inc. v. United States Dep't of Housing & Urban Dev., 594 F.2d 1060, 1061-1062 (5th cir. 1979) (per curiam).

such as Plaintiff to sue to enforce the FMLA in court, and thus such claims are barred by sovereign immunity. See Mann v. Haigh, 120 F.3d 34, 37 (4th Cir. 1997).

The FMLA grants private and federal employees the right to take leave for family or medical reasons under certain circumstances as set out in the statute. See 5 U.S.C. § 6382(a)(1). Title I of the FMLA applies to private employees and federal employees with less than twelve months of service, while Title II of the FMLA applies to federal employees with more than twelve months of service. See 29 U.S.C. §§ 2601 et seq. (Title I) and 5 U.S.C. §§ 6381 et seq. (Title II).[4] Title I and Title II contain similar substantive provisions regarding leave rights, but they differ fundamentally regarding the remedies available to the covered employees. See Mann, 120 F.3d at 37. Specifically, Congress provided in Title I an express provision allowing the covered employees a private cause of action to enforce their FMLA rights in court whereas Congress did not include such a provision in Title II. See Mann, 120 F.3d at 37. Compare 29 U.S.C. § 2617 (Title I) with 5 U.S.C. §§ 6381-6387 (Title II).

Courts analyzing this explicit statutory framework have consistently held that federal employees covered by Title II of the FMLA do not have a private cause action in federal court to enforce the FMLA. See Russell v. United States Department of the Army, 191 F.3d 1016, 1019 (9th Cir. 1999); Mann, 120 F.3d at 37; Silva v. Porter, 2006 U.S. Dist. LEXIS 46567, at *27 (M.D. Fla. July 10, 2006); Sullivan-Obst v. Powell, 300 F. Supp. 2d 85, 99 (D.D.C. 2004); Keen v. Brown, 958 F. Supp. 70, 74-75 (D. Conn. 1997). See also Carlson v. White, 133 Fed. Appx. 144, 144-145 (5th Cir. 2005) (per

---

[4]The term "employee" is defined in Title II to mean a person appointed to a civil service position in the Executive Branch of the United States who has completed at least 12 months of service as an employee. See 5 U.S.C. §§ 6381(1) (A) & (B) (citing 5 U.S.C. § 6301(2), which in turn cites 5 U.S.C. § 2105(a)(1)(D)).

curiam) ("Federal employees with more than twelve months of service do not have a private cause of action for FMLA violations."). The courts note that the framework established by Congress does not waive the United States' sovereign immunity. See, e.g., Keen, 958 F. Supp. at 74 ("No ... waiver of sovereign immunity is present in the FMLA."). Instead, these courts note that federal employees covered by Title II of the FMLA who wish to challenge agency decisions relating to the FMLA must pursue the administrative scheme set forth in the Civil Service Reform Act ("CSRA"), 5 U.S.C. § 1101 et seq. See Keen, 958 F. Supp. at 75.

Plaintiff admits that she has been a Museum Curator with the United States Department of the Interior since at least 2002. (Amended Comp. ¶ 13). Accordingly, she is a federal employee with more than twelve months of service and she is governed by Title II of the FMLA. See 5 U.S.C. §§ 6381(1) (A) & (B). It follows that her FMLA claims must be dismissed because Congress has not waived the United States sovereign immunity to provide for a private cause of action under the FMLA.[5] See Russell, 191 F.3d at 1019; Mann, 120 F.3d at 37; Sullivan-Obst, 300 F. Supp. 2d at 99.

---

[5]Since there is no private action under the FMLA for federal employees like Plaintiff, the claims against Defendants Light and Brandyburg in their individual capacities fail as a matter of law as well. The claims against Defendants Light and Brandyburg in their individual capacities fail for the additional reason that the FMLA does not allow public employees to sue their supervisors as individuals. See Wascura v. Carver, 169 F.3d 683, 687 (11th Cir. 1999) (holding that supervisor working for non-federal public employer, in individual capacity, was not employer subject to suit under the FMLA and thus such claims against individual supervisors had to be dismissed for lack of subject matter jurisdiction).

IV.    **Plaintiff's Constitutional Claims Fail as a Matter of Law.**

A.    **Plaintiff's 42 U.S.C. §§ 1983 and 1986 Claims Against Defendants Light and Brandyburg in Their Official Capacities and the DOI Are Barred By Sovereign Immunity.**

The Court should dismiss Plaintiff's 42 U.S.C. §§ 1983 and 1986 claims against Defendants Light and Brandyburg in their official capacities and the DOI because they are barred by sovereign immunity. A claim against a federal employee in his official capacity or against a federal agency is construed as a claim against the United States. See Graham, 473 U.S. at 165-166. The United States has not waived its sovereign immunity to suit under the civil rights statutes such as sections 1983, 1985, and 1986. See United States v. Timmons, 672 F.2d 1373, 1380 (11th Cir. 1982); Unimex, 594 F.2d at 1062. See also Harrison v. Potter, 323 F. Supp. 2d 593, 604 (S.D.N.Y. 2004) ("Because the United States has not waived its sovereign immunity for constitutional tort claims under the Civil Rights Act, this Court dismisses [Plaintiff's] § 1983 ... claims for lack of subject matter jurisdiction").

B.    **Plaintiff's 42 U.S.C. § 1983 Claims Against Defendants Light and Brandyburg in their Individual Capacities Fail As A Matter of Law.**

Plaintiff's § 1983 claims against Defendants Light and Brandyburg in their individual capacities fail as a matter of law because the statute does not provide a cause of action against federal officials in their individual capacities or against federal agencies.[6] Section 1983 is a civil rights statute that provides a cause of action for damages against any "[p]erson who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory," violates a plaintiff's constitutional rights.

---

[6] Notably, Plaintiff also erroneously relies on the Fourteenth Amendment and its Equal Protection clause, which do not apply to the Federal government and its officers. See, e.g., District of Columbia v. Carter, 409 U.S. 418, 424-425 (1973).

- 12 -

See 42 U.S.C. § 1983. Section 1983 thus allows plaintiffs to bring actions for damages against defendants acting under "color of state law." See Norton v. McShane, 332 F.2d 855, 862 (5th Cir. 1964) (emphasis added). The statute does not provide a cause of action for plaintiffs to sue federal employees who act under color of federal law. See Wheeldin v. Wheeler, 373 U.S. 647, 650 & n.2 (1963); Mack v. Alexander, 575 F.2d 488, 489 (5th Cir. 1978). The Fifth Circuit has even observed that the statute, by its text, is so plainly limited to actions against state and not federal officials that "no discussion can make it clearer than appears from its reading." See Norton, 332 F.2d at 862.

In the present case, Plaintiff makes allegations against a federal agency and her supervisors who were employed by that federal agency. (Amended Comp., generally). Defendants are thus federal officials operating under color of federal law, and are not state, county, city, or municipality officials, and thus do not act under color of state law. Plaintiff's Section 1983 claims against them, therefore, must be dismissed for lack of subject matter jurisdiction and failure to state claims upon which relief may be granted. See Norton, 332 F.2d at 862; Bernard v. Calejo, 17 F. Supp. 2d 1311, 1314 (S.D. Fla. 1998)("Because federal officials do not act under color of state law, plaintiffs may not ... bring a section 1983 claim against them").

**C.    Plaintiff's 42 U.S.C. § 1986 claims Against Defendants Light and Brandyburg in their Individual Capacities Fail As A Matter of Law.**

This Court should also dismiss Plaintiff's § 1986 claims against Defendants Light and Brandyburg in their individual capacities. Section 1986 provides a cause of action against public officials who fail to prevent conspiracies to violate 42 U.S.C. § 1985. See Park v. City of Atlanta, 120 F.3d 1157, 1159-60 (11th Cir. 1997). Since Plaintiff does not allege a violation of section 1985, her section 1986 claim fails as a matter of law.

See id.; Jensen v. Henderson, 315 F.3d 854, 862 (8th Cir. 2002). See also Zachay v.

Metzger, 967 F. Supp. 398, 401 & n.3 (S.D. Cal. 1997) (dismissing section 1986 claim

when plaintiff lacked section 1983 and 1985 claims).

### D.   Plaintiff's Constitutional and section 1986 Claims are Precluded by the Civil Service Reform Act and Fail as Matter of Law.

Finally, this Court should also dismiss Plaintiff's constitutional claims under the

Fourth, Eighth, and Fourteenth Amendments and her section 1986 claims because there is

no constitutional cause of action available for federal employees to sue their employing

agency or supervisors. See Bush v. Lucas, 462 U.S. 367 (1983). In Bivens v. Six

Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971),

the Supreme Court created a limited private cause of action, directly under the United

States Constitution, allowing an individual to recover damages against a federal

employee who, acting under color of federal law, violated a constitutional right. See

Hardison Cohen, 375 F.3d 1262, 1264 (11th Cir. 2004). The Supreme Court, however,

limited such relief to situations when "(1) the plaintiff has no alternative means of

obtaining redress and (2) no 'special factors counseling hesitation' are present." Id.

After Bivens was decided, the Supreme Court applied these factors and specifically

rejected the creation of a Bivens remedy in relation to employment-related claims

asserted by federal employees. See Bush, 462 U.S. at 388-390; Hardison, 375 F.3d at

1264-1265; Stephens v. Dep't of Health and Human Servs., 901 F.2d 1571, 1577 (1990).

In Bush, the Supreme Court held that a federal employee who contests his or her

termination cannot assert a Bivens action against his supervisor for alleged constitutional

violations because civil service regulations give a federal employee ample protection

from arbitrary action by a supervisor. See Bush, 462 U.S. at 388-390. The Court noted

- 14 -

that federal employees are "protected by an elaborate, comprehensive scheme that encompasses substantive provisions forbidding arbitrary action by supervisors and procedures – administrative and judicial – by which improper action may be addressed." Id. at 385. The Supreme Court concluded that, because federal-sector employee claims "arise of out of an employment relationship that is governed by comprehensive procedural and substantive provisions giving meaningful remedies against the United States," it would be "inappropriate for [a court] to supplement the regulatory scheme with a new judicial remedy" allowing for damages against individual supervisors for alleged violations of constitutional rights. Id. at 368 (emphasis added).

In other words, the Supreme Court in Bush explicitly "recognized Congress' institutional competence in crafting appropriate relief for aggrieved federal employees as a 'special factor counseling hesitation in the creation of a new remedy' for federal employees directly under the Constitution." See Correctional Service Corp. v. Malesko, 534 U.S. 61, 68 (2001). Consistent with the Supreme Court's decision in Bush, the Eleventh Circuit has made it clear that "the comprehensive statutory scheme established by Congress relating to federal employment (CSRA) precludes the maintenance of job-related Bivens actions by federal employees." See Lee v. Hughes, 145 F.3d 1272, 1275 (11th Cir. 1998) (emphasis added); Stephens, 901 F.2d at 1577; McCollum v. Bolger, 794 F.2d 602, 606-607 (11th Cir. 1986); Wells v. FAA, 755 F.2d 804, 810 (11th Cir. 1985). The comprehensive administrative scheme created by Congress bars Bivens claims even for federal employees who are not afforded administrative remedies under

---

[7]This scheme includes the federal civil service laws, which broadly define prohibited personnel actions and provide administrative remedies for employees. See Leonard, 146 F. Supp. 2d 1227, 1234 (discussing the CSRA and holding a federal employee could not maintain job-related Bivens claims).

the CSRA. See Lee, 145 F.3d at 1272. See also Hardison, 375 F.3d at 1265 (noting creation of Bivens remedy for federal employees would "thwart" the will of Congress).

In this case, Plaintiff's constitutional claims under the Fourth, Eighth, and Fourteenth Amendments arise out of actions allegedly taken by her supervisors during the course of her federal employment. (Amended Comp., generally). As a result, these claims are precluded by the authority of Bush and its progeny. See Hardison, 375 F.3d at 1265; Lee, 145 F.3d at 1272; Leonard, 146 F. Supp. 2d at 1235. Plaintiff's constitutional and section 1986 claims should thus be dismissed for failure to state claims upon which relief may be granted. See Bush, 462 U.S. at 388-390; Hardison, 375 F.3d at 1269; Lee, 145 F.3d at 1275; Stephens, 901 F.2d at 1577; Leonard, 146 F. Supp. 2d at 1235.

## V. Plaintiff's Employment Discrimination Claims Fail as a Matter of Law.

This Court should dismiss any claims by Plaintiff for alleged disparate treatment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., for failure to state any claims upon which relief may be granted. Settled Supreme Court and Eleventh Circuit precedent establish that Title VII, with its administrative exhaustion requirements, is the "exclusive judicial remedy for claims of discrimination in federal employment." See Brown v. General Serv. Admin., 425 U.S. 820, 824 (1976); Pueschel v. United States, 369 F.3d 345, 353 (4th Cir. 2004); Harrison v. Potter, 323 F. Supp. 2d 593, 605 (S.D.N.Y. 2004). It is preemptive of any other remedy. See Brown, 425 U.S. at 824.[8] To the extent Plaintiff seeks to pursue a disparate treatment claim under Title VII, she fails to state any claim upon which relief may be granted for a number of reasons.

---

[8]Indeed, Title VII precludes any attempt to use sections 1985 and 1986 to challenge alleged discrimination in the workplace. See Great Am. Fed. Sav. & Loan Assoc. v. Novotny, 442 U.S. 366, 375-376 (1979) ("If a violation of Title VII could be asserted through section 1985(3), a complainant could avoid most if not all of these detailed and specific provisions of the law.").

- 16 -

First, Plaintiff cannot, as a matter of law, assert Title VII claims against any Defendant named in this lawsuit. See Canino v. United States EEOC, 707 F.2d 468, 469 (11th Cir. 1983). The plain text of the statute provides that any Title VII action may proceed, if at all, only against the head of the federal agency that employed the plaintiff, in his or her official capacity. See 42 U.S.C. § 2000e-16(c). See also Canino, 707 F.2d at 472 (holding that "the head of the agency involved is the only appropriate defendant in a Title VII action" against a federal employer). Accordingly, a federal employee may not sue individual supervisors or federal agencies under Title VII. See Canino, 707 F.2d at 472. Plaintiff has not named the head of the DOI, in his official capacity, as a defendant.

Second, even if she had named the property party, Plaintiff's Title VII claims fail as a matter of law because Plaintiff failed to exhaust her administrative remedies. See Crawford v. Babbitt, 186 F.3d 1322, 1326 (11th Cir. 1999). Federal employees who wish to pursue discrimination or retaliation claims must first make informal contact with an equal employment counselor within 45 days of the alleged discrimination or retaliation and must comply with all deadlines and cooperate in the administrative process. See Crawford, 186 F.3d at 1326; Puckett v. Potter, 342 F. Supp. 2d 1056, 1063 (M.D. Ala. 2004); Thompson v. West, 883 F. Supp. 1502, 1507-1508 (M.D. Ala. 1995). If a plaintiff fails to timely exhaust her claims prior to filing a lawsuit, then her claims must be dismissed. See Thompson, 883 F. Supp. at 1507-1508. In the present case, Plaintiff has not alleged and cannot show that she exhausted her mandatory administrative remedies.

Finally, even if Plaintiff had named the proper party and exhausted her administrative remedies, her attempt to purse Title VII claims in this lawsuit would still fail as a matter of law. Plaintiff references an alleged hostile work environment based on her sexual orientation. (Amend. Comp. ¶ 18). Title VII prohibits an employer from

- 17 -

sex, or national origin." See 42 U.S.C. § 2000e-2(a)(1). The statute does not, however, provide a cause of action for alleged discrimination on the basis of a plaintiff's sexual orientation. See, e.g., Vickers v. Fairfield Med. Ctr., 453 F.3d 757, 764-765 (6th Cir. 2006); Medina v. Income Support Div., 413 F.3d 1131, 1135 (10th Cir. 2005); Higgins v. New Balance Athletic Shoe, Inc., 194 F.3d 252, 259 (1st Cir. 1999). Accordingly, Plaintiff's attempt to sue for sexual orientation harassment fails as a matter of law. See Higgins, 194 F.3d at 259 ("[W]e regard it as settled law that ... Title VII does not proscribe harassment simply because of sexual orientation.").

## VI. This Court Lacks Jurisdiction Over Any Breach of Implied Contract Claim.

This Court should dismiss Plaintiff's breach of an implied contract claim because the United States has not waived its sovereign immunity nor conferred jurisdiction for Plaintiff to assert such claims in federal district court.[9] While the United States has waived its sovereign immunity for "any claim against the United States ... upon any express or implied contract with the United States," it has not conferred jurisdiction upon federal district courts to hear all such claims. See 28 U.S.C. § 1491(a)(1). Instead, pursuant to the Little Tucker Act, Congress has only given federal district courts subject matter jurisdiction to hear contract claims against the United States "not exceeding $10,000 in amount." See 28 U.S.C. § 1346(a)(2) (emphasis added). Congress conferred upon the Court of Federal Claims sole and exclusive jurisdiction over any breach of contract claims against the Federal government that exceed $10,000. See Friedman v. United States, 391 F.3d 1313, 1315 (11th Cir. 2004).

---

[9]Plaintiff provides no facts supporting the existence of any such implied contract, but simply references such a contract on the first page of her Complaint.

- 18 -

In this case, Plaintiff seeks seven million dollars in damages. (Amended Comp., Relief Sought). Since Plaintiff's claims relate to an alleged contract and exceed the jurisdictional maximum of this Court set by the Tucker Act, her contract claims against the Federal Defendants must be dismissed due to sovereign immunity and lack of jurisdiction.[10] See Friedman, 391 F.3d at 1315 ("[T]he Tucker Act ... requires that claims against the United States for amounts in excess of $10,000 founded on contracts ... be brought in the Court of Claims"). In any event, the law is well-established that Federal civil service employees cannot assert implied breach of contract claims against the United States. See Hauschild v. United States, 53 Fed. Cl. 134, 144 (Ct. Cl. 2002).

## VII.    Plaintiff Has No Claim for Injunctive Relief under 28 U.S.C. § 2283.

Finally, while Plaintiff requests injunctive relief pursuant to 28 U.S.C. § 2283, this statutory provision is entirely irrelevant to any facts in this complaint. Section 2283, also known as the Federal Anti-Injunction Act, provides that federal courts cannot enjoin state proceedings unless there exists one of several specifically-defined exceptions. See Bayshore Ford Truck Sales, Inc. v. Ford Motor Co., 471 F.3d 1233, 1249-1250 (11th Cir. 2006). Since there is no state action that Plaintiff seeks to enjoin in the Amended Complaint, she has not stated a claim under this statute. See, e.g., Lowrie v. United States, 558 F. Supp. 1029, 1032 (D. Col. 1983) ("Because there is no state action with which to interfere, this statute is not applicable").

---

[10] Besides the fact that Defendants Light and Brandyburg enjoy absolute immunity on this claim under the Westfall Act, Supreme Court authority clearly provides that federal officials are not individually liable on federal contracts. See Hodgson v. Dexter, 5 U.S. 345, 355-356 (1803).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant this Motion in its entirety and dismiss all Plaintiff's claims against them.

Respectfully submitted this 29th day of April, 2008.

LEURA G. CANARY

United States Attorney

By: s/James J. DuBois
   JAMES J. DUBOIS
   Assistant United States Attorney
   Georgia Bar No. 231445
   United States Attorney's Office
   Post Office Box 197
   Montgomery, AL 36101-0197
   Telephone: (334) 223-7280
   Facsimile: (334) 223-7418
   E-mail: james.dubois2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed, by United States Postal Service, a copy of same to the following non-CM/ECF participant(s):

  Teresa Valencia
  6730 Pamela Court
  Montgomery, AL 36116

        s/James J. DuBois
        Assistant  United  States  Attorney

- 20 -

# EXHIBIT
# F

# Chain of Custody
# Letters

Teresa Valencia          To: sburton@psc.gov
04/27/2007 11:57 AM      cc:
CDT                      Subject:

Dear Ms. Sheryl Burton:

I am writing to request information pertaining to my first medical screening on April 3, 2007.

From my understanding my urine sample and blood sample were shipped out at the same time. Would it be possible for you to provide me with a chain of custody to determine where my specimen was lost and who was the last to receive it. According to the document you presented to me from Quest Diagnostic with a report date of 04/04/2007 the document reads as if I had never given a urine specimen, which I provide 2 urine samples on my first medical screening (Document read: Test not performed. No urine received for the test requested) and only one sample on my second screening.

If a chain of custody cannot be provided could I get another form of documentation showing that I did provide the urine specimens, but that they were lost either in transport or on arrival.

Thank you for your time and assistance in this matter.

Respectfully yours,

Teresa Valencia

Teresa Valencia

05/07/2007 07:52 AM
CDT

To: "Burton, Sheryl" <sheryl.burton@psc.hhs.gov>
cc:
Subject: Re: Doctor

Dear Ms. Sheryl Burton:

I would like to request a chain of custody for my first urine sample as well as a copy of the release form that I signed. It was my understanding that the release form that I signed was for the Doctor in California...Is that correct? If possible, could you fax a copy of that release form to me to (334)727-1448.

Thank you for your time and assistance in this matter.

Respectfully yours,

Teresa Valencia

**Teresa Valencia**

06/12/2007 02:37 PM
CDT

To: "Burton, Sheryl" <sheryl.burton@psc.hhs.gov>
cc:
Subject: Heavy Metals Screening

Dear Ms. Sheryl Burton:

On 4/27/2007 and again on 5/7/2007 I made a written request asking for the chain of custody for my first urine and blood sample. I also requested a copy of the release form that I signed for the Doctor in California. If you are unable to give me this information can you direct me to the individual that can?

Any assistance that you could offer would be greatly appreciated.

Sincerely,

Teresa Valencia
**Museum Specialist**

# IN THE DISTRICT COURT OF THE
# UNITED STATES FOR THE MIDDLE DISTRICT
# OF ALABAMA
# EASTERN DIVISION

Teresa Valencia vs. Department of Interior, Washington, D.C.

Civil No:

3:08-cv-069-WKW

### Certificate of Service

Please Take Notice, Teresa Valencia, in want of counsel, and cause the following to be served on the clerk and Defendants Attorney.

Leura G. Canary
United States Attorney
James J. DuBois
Assistant U.S. Attorney
Georgia Bar No. 281445
U.S. Attorney's Office
P.O. Box 197
Montgomery, AL 36101-0197

Date                                            Respectfully submitted

July 24, 2008                                   _____, Pro Se

RECEIVED

**IN THE DISTRICT COURT OF THE
UNITED STATES FOR THE MIDDLE DISTRICT
OF ALABAMA
EASTERN DIVISION**

2008 JUL 28  A 11: 17

Civil No:

3:08-cv-069-WKW

Teresa Valencia vs. Department of Interior, Washington, D.C.

**Notice of Filing**

Please Take Notice
Come Now, Teresa Valencia, in want of counsel, and cause the following to be served on
the court (1) copy to the clerk, and (1) copy to the Defendants Attorney.

Leura G. Canary
United States Attorney
James J. DuBois
Assistant U.S. Attorney
Georgia Bar No. 281445
U.S. Attorney's Office
P.O. Box 197
Montgomery, AL 36101-0197

Date

July 24, 2008

Respectfully submitted

Teresa L. Valencia, Pro Se