IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

TERESA VALENCIA (Pro Se) )
        Plaintiff, )
         )
        v. ) Civil Action No:
         ) 3:08-cv-069WKW
         )
DEPARTMENT OF INTERIOR, )
WASHINGTON, D.C.; )
CATHERINE FARMER LIGHT, )
SUPERINTENDENT, IN HER )
INDIVIDUAL CAPACITY )
AND OFFICIAL CAPACITY; AND )
HERBERT TYRONE BRANDYBURG, )
SUPERINTENDENT, IN HIS )
INDIVIDUAL CAPACITY )
AND OFFICIAL CAPACITY, )
         )
        Defendants. )

Ammended complaint Motion for Judgement on the Pleadings Pursuant to Fed. Rules. Of. Civil Procedure; Rule 12 ( c ) not Rule 11 ( c ). Plaintiff's answer to Defendants Motion to Dismiss.

Comes now, Teresa Valencia, in want of counsel and submits the Motion for Judgment on the Pleadings Pursuant to FED. R. Civ. Pro. Rule 12 ( c ) and state the Attorney of Records have submitted the motion for dismissal in bad-faith pursuant amongst – other things, Under Rule 12 (b)1, Rule 12 (b)6. The Plaintiff ("Teresa") states the court has jurisdiction over the subject matter, due to the "federal forum" has jurisdiction over the "Persons" who are named in the 42 U.S.C. §1983. Chavez vs Illinois State police, 251F.3d 612, 648 (7th Cir. 2001), 194 F. 3d 850, 854 (7th cir 1999).

Title 42 U.S.C. §1983 investes jurisdiction to the "federal forum" when any persons rights have been violated by federal statute or state statute, or an individuals rights have been violated under the United States Constitution. See: Alexander vs City of South Bend, 256 F. Supp.2d 865, Heard vs Sheahan, 253 F. 3d 316, 317-318 (7th cir. 2001). A §1983 claim accrues when a "plaintiff" knows or has reason to know of injury which is the basis of the plaintiff's action. Honda, inc vs Sterling, 21 F. 3d 775, 778 (7th cir. 1994).

The plaintiff ("Teresa") brought forth the Title 42 U.S.C. §1983, §1986, claims against the two defendants in their individual capacity for violating her Constitutional Rights under, and for violating color of Federal law, the §1983 statute grant citizens and non-citizens the Right to Sue any person for violating a citizen (persons) Constitutional

Rights, Under the United States Constitution, this was pleaded in the Plaintiff ("Teresa") complaint, and raises federally pursuant to §1983, §1986.

Section §1983 creates a cause of action based upon personal liability and predicated upon fault. An individual cannot be held liable in a §1983 action unless he caused or participated in an alleged constitution deprivation. Plaintiff ("Teresa") Brought her claims against two Superintendents, so the "Respondent Superior" claims is pleaded in the 42 U.S.C. §1983 Civil Right suit automatically, see: Rizzo vs Goode, 424 U.S. 363, 371, 96 s.ct. 598, 604, 46 L.Ed.2d 561 (1976).

Due to the Defendants acting in their individual capacity & violating the Plaintiff ("Teresa") Federal Constitutional Rights under the 8th & 14th amendment and for violating color of Federal law, the Plaintiff ("Teresa") has met the standard requirements of clearly established law, and due to the official capacity being raised, the suit is against the United States, due to the Defendants acting as agents, because of their status as employers of the "Department of Interior", the Plaintiff ("Teresa") states the defendant violated the Plaintiff's Constitutional Rights & violated color of Federal law, and due to these requirements, the Plaintiff ("Teresa") suffered injuries, because of the Defendants neglecting of their duties to seriously pay attention to the plaintiff ("Teresa") administrative complaints to ("Department of Interior"). See: Exhibits attached to the Motion.

Plaintiff ("Teresa") states the §1983 creates a remedy for damages against the Defendants in both capacities, individual & official pursuant to Monell, Supra, 436 U.S. 658, 690 N.55 s.ct.2018, 2035 N. 55, 56 L.ed.2d 611 (1978); Familias Unidas vs Brisoe, 619 F2d 391, 403 (5th cir. 1980); damages may be awarded against a defendant in his official capacity only if they would be recoverable against the government entity. Monell, Supra, Hughes vs. Blankenship, 672 F 2d 403, 406 (4th cir. 1982); the law clearly established that a governmental entity, such as the "Department of Interior," will be liable when through the execution of a Government's Policy or Custom, whether made by its law-makers or by those whose edicts or acts may fairly be said to represent official policy, which when Defendants were sent the Administrative Complaint, which the Superintendents: Catherine Farmer Light, Herbert Tyrone Brandyburg were negligent in their duties as ("Superintendents") of the "Department of Interior."

Plaintiff States the Certification of Scope of Employment acted contrary to the custom, policies, and regulations, which the institution "Department of Interior" regulates, and the United States Attorney for the Middle District of Alabama, United States Department of Justice acting pursuant to the provision of 28 U.S.C. §2679 and by virtue of the authority vested in him by 28 U.S.T.R. §15.3, but nowhere is there anything where Leura G. Canary swears under the Penalty of Perjury Attested to, for the purpose of Perjury on his or her signature. See Exhibit 1.

As a Preliminary matter, this court should review Plaintiff's Tort and other State-law claims against Defendants Light and Brandyburg and the Department of Interior. The Defendants Light and Brandyburg absolute immunity fails as a matter under the Westfall

Act, 28 U.S.C. §2679, because the Defendants Light and Brandyburg violated Plaintiff ("Teresa") Federal Constitutional Rights and violated the color of Federal Law, and the Plaintiff ("Teresa") was injured by the negligence of the Defendants, Light and Brandyburg's conduct.

Plaintiff ("Teresa") stated the purpose of the Westfall Act is "to protect federal employees from personal liability for common law torts committed within the scope of their employment," while also providing an appropriate remedy against the United State under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§1346 (b) & 2671-2680 see behtinen, 913 F.2d at 1540. Pursuant to the Westfall Act, the United States Attorney has certified that Defendants Light and Brandyburg were acting within the scope of their federal employment at the time of the incidents given the Plaintiffs claim. (see Scope of Employment Certification, Exhibit 1 to Notice of Substitution)

Plaintiff ("Teresa") states the Defendants was sued in their official capacity due to the standard prones of the common law §1983, the Plaintiff ("Teresa") has only to show (1) a Federal Constitutional Right was violated, (2) Defendants were acting under color of Federal Law, and (3) the Defendants injured the Plaintiff

The Plaintiff ("Teresa") states the Attorney General's scope-of-employment certification has only been certified after the fact, and the "retroactive clause" shouldn't be granted, because of the Defendant's knowingly violated the Plaintiff ("Teresa") Federal Constitutional Rights, and violated the color of Federal Law, and the plaintiff was injured by the Defendant's actions.

The Plaintiff states "absolute immunity" can-not stand, but "qualified immunity," the test of qualified immunity for Federal employees sued under 42 U.S.C. §1983 is whether in performing discretionary functions, they have engaged in conduct that violates clearly established Constitutional Rights of which reason person would have known, immunity may thus be established either on basis that right allegedly (or actually) violated was not at time one "clearly established" or that, though "clearly established" (and violated), it was one that "reasonable" person in officer's position could have failed to appreciate would be violated by his conduct 42 U.S.C. §1983, see: Pritchett vs. Alford, 973 F.2d 307, see: Carlos Manuel Vazquez Night & Day; Coeur d'Alene, Beeard on the unraveling of the prospective - retrospective distinction in Eleventh Amendment Doctrine 87 Geo L.J. 1(1998); professor Barry Friedman of N.Y.U. Law Schools (Note Admitted) see. complaint 42 U.S.C. §1983, 1986, Notice of Unsafe or Unhealthful Working Conditions-Occupational Safety and Health Administration cited with 6 serious violations.

Plaintiff cites though Tuskegee Institute National Historic Site was cited with 6 serious violations park management still showed a lack of concern for employee safety On August 15, 2007, the facility manager Andrew Callens contracted the stripping/sealing of the floor tiles in the Carver Museum bathrooms The park did not assign a properly trained contracting officer (COTR) to ensure that the contractors were in compliance with federal material safety data sheets (MSDS) for the chemicals (muriactic acid) being used

were not posted, and the ventilation was inadequate causing both breathing and eye irritation to both visitors and staff. Because I was running late for a doctors appointment I asked Interpretive Park Ranger Shirley Baxter to notify Administrative Officer Shirley Streeter about the safety issue, since Shirley Streeter was currently the Acting Superintendent. Upon notification of the safety concern Mr. Herbert Tyrone Brandyburg confiscated the (Muriatic Acid) and posted Material Safety Data Sheets for Mex Seal Topical Sealer and Stone Glamor Penetrant/Topical Sealer. Park Gardener Edward Wilson pointed out the container of Muriatic Acid.

August 17, 2007, I was verbally reprimanded by Facility Manager Andrew Callens for having pointed out several safety and health issues (i.e., mold spores growing on vents, water leaks from ceiling, lack of suitable screening for vermin prevention on exterior of Carver Museum) that the maintenance crew had overlooked when inspectors from Carter/Burgess out of Denver, Colorado, were conducting a building inspection.

Plaintiff states she went through Administrative Program Officer to "her", and attached to this "Motion" is the exhibits which are numerous in the amount, which show that Plaintiff claims have grounds and merits to stand, and Plaintiff ("Teresa") states Defendant's Attorney should be sanctioned in pursuant to Rule 11 (c) for submitting a motion which was filed in bad-faith and for the purpose to waste the courts times. See: U.S. Department of Labor 5/04/2007 - 05/07/2007 (inspection date(s); inspection number) 310772330, (Issuance Date) 07/20/2007, the proper documents were filed to the Administrative Department, and the materials, which caused the Plaintiff ("Teresa") medical conditions were found in the work site.

The Plaintiff ("Teresa") states her 14th Amendment Right to procedure to due process "compensatory damages" and "loss of enjoyment of life and suffering of mental anguish," appear to provide more factual allegations relating to Plaintiff's alleged exposure to hazardous working conditions and her requests to take sick leave (Amended Comp., Counts III-VI) As a Matter of Law and facts the Plaintiff seeks to be awarded damages as the court seeks they could be granted by the counts III-VI).

The Plaintiff ("Teresa") states due to the numerous complaints and Defendants had knowledge of the conditions of the workplace, and the (muriactic acid) and other materials being in the environment, but placed the plaintiff in another environment which had more dangerous materials, which caused the Plaintiff ("Teresa") to suffer continuous harm.

Plaintiff states Federal Tort Claims Act ("FTCA") 28 U.S.C. §1346 (b) & 2671-2680 Plaintiff did exhaustion requirement, see: Wendell J Echols sworn affidavit he swears under the penalty of perjury that Ms. Valencia filed a complaint with OSHA and other agencies, which investigated the matter, and found the Department of Interior facility weren't kept up in accordance with Federal mandates. The United States has waived such immunity when representing the Defendant's in their individual capacity, and due to this, the Government has taken up the (count III - VI), and the damages are on the government, see Common Law Torts, 28 U.S.C. §1346 (b).

Plaintiff states Federal Employees Compensation Act 5 U.S.C. §8101 et seq is true, but Plaintiff went through procedures to request for compensation and nothing was happening and this caused the Plaintiff ("Teresa") to into debt so, due to this plaintiff (Teresa) was left with no other remedy but §1983, which gives standing (for any person who has been injured by an individual to bring an action, whether it be a statutory violation or federal constitutional violation, this gives the Federal court jurisdiction over the subject matter and jurisdiction over the person)

Plaintiff ("Teresa") states FTCA Requirements were met by the inquiry sent to the Department of Interior; OSHA; The FTCA provides, in pertinent part, that

An action shall not be instituted upon a claim against the United States for money damages or lost property ... caused by the negligent or wrongful act    of an employee of the government while acting with the scope of his    employment unless the claimant shall have first presented the claim to the appropriate federal agency and his claim shall been finally denied by the agency in writing.

Plaintiff submit's the inquiries to the court in full and in part, which show the court she submitted administrative complaints to the agency, see McNeil 508 U.S at 111-113; see Notice of Alleged Safety or Health Hazards U.S. Department of Labor, 4-24-07

Plaintiff ("Teresa") states due to Defendants were given notice by the investigators that the site was hazardous, and contained lead exposure, arsenic and mold spores, and this caused the plaintiff to suffer syncope, carpal tunnel syndrome, yes they are on the job injuries, but the Plaintiff went through the administrative a grievance procedure, and the Defendants turned their heads away from the Plaintiff ("Teresa"), and this caused for 1986 Neglect to stop a conspiracy, due to Plaintiff ("Teresa") going to Washington, D.C offices, and reporting the Defendant's they became mad, and layed the Plaintiff ("Teresa") off without pay, and this was done in bad-faith for the purpose to harass the Plaintiff.

28 U.S.C. §1503 Can be seen on behalf of the Defendant obstruction of justice charges, because Defendants tried to stop Plaintiff from reporting Hazardous conditions to the Department of Interior; OSHA; because of the lack of properly and effectively keeping a safe environment for the workers at the Department of Interior, this constitutes lack of training procedures of the Department of Interior, so the United States Government would be responsible for the conduct of their agents, only when one (1) Federal Constitutional Right was violated, (2) Defendants violated color of Federal Law, and (3) Plaintiff was injured, in the official capacity under common law torts would be against the "Federal Actor." See: John C. Jeffries, Jr, Pamela S. Karlon, Peter W. Law & George A Ruther Glen, Civil Rights Action: Enforcing the constitution II (2000), See id at 62-68, in conversation, John Jefferies has noted that constitutional violations are far more likely than statutory violations to sound in tort and thus to be amenable to enforcement through officer - liability suit under §1983; See Professor Barry Friedman of N.Y.U. Law school has suggested that this distinction simply make no sense

[The] Plaintiff was hurt because something the official did. [M]aybe it was the Federal's or State's duty but the official's dereliction caused the damages, be they tort or contract ... [T]he state only can act through officers, and in Alden and other cases some (combination) of state or federal officers acted wrongly (albeit on behalf of the Government, state or federal, but they made the decision and they executed it) and should have to pay.

Plaintiff states in Dwyer vs. Regan, 777 F.2d 825 (2d cir 1985), the court stated as following (By contrast, Dwyer's requesting for compensatory and punitive damages was not barred while the court was, aware of no theory that would render Regan individually liable for Dwyer's back pay, such is not the case with respect to the claim for damages. While Regan had no duty in his individual capacity to pay Dwyer's salary, he did have a duty not to deny Dwyer's his federally protected right to due process. Thus, if Dwyer can establish that he requested and was denied predetermination hearing into his claim that the announced elimination of his position was a sham, there is no Eleventh Amendment impediment to his recovering damages for that denial from Regan. Similarly, if Dwyer were to establish that he timely requested and was denied a post termination hearing, there would be no Eleventh Amendment impediment to his being awarded damages for that denial, ID a 836-37.

## Conclusion

Plaintiff ("Teresa") states she's not, an Attorney, and is in want of counsel, due to her status as being a I.F.P. Pro 'Se litigant. She prays' that the courts would look at substance over form in the complaint, and apply the correct standards of the language of the 42 U.S.C. 1983, 1986. Plaintiff submit's the exhibits to the court for the purpose to support her Motion for Judgement on the Pleadings, pursuant to FED. Rules of Civil Procedure; Rule 12 ( c ).

## Relief Sought

Plaintiff ("Teresa") States she would like to be rewarded the fee's which the court sees fit on the Laws & Facts, and on the merits of the 42 U.S.C. 1983 from the named Defendants in their individual capacity & official capacity for amongst other things federal statutory violations, and constitutional violations.

Date

August 4, 2008

Respectfully Submitted

Teresa Valencia

IN THE DISTRICT COURT OF THE
UNITED STATES FOR THE MIDDLE DISTRICT
OF ALABAMA
EASTERN DIVISION

Teresa Valencia vs Department of Interior, Washington, D.C.

Civil No:

3:08-cv-069-WKW

### Certificate of Service

Please Take Notice Teresa Valencia, in want of counsel, and cause the following to be served on the clerk & Defendants Attorney the Address:

Leura G. Canary
United States Attorney
James J. DuBois
Assistant U.S. Attorney
Georgia Bar No. 281445
U.S. Attorney's Office
P.O. Box 197
Montgomery, AL 36101-0197

Date

August 4, 2008

Respectfully Submitted

Teresa Valencia

IN THE DISTRICT COURT OF THE
UNITED STATES FOR THE MIDDLE DISTRICT
OF ALABAMA
EASTERN DIVISION

Civil No:

3:08-cv-069-WKW

Teresa Valencia vs Department of Interior, Washington, D.C.

### Notice of Filing

Please Take Notice
Come Now, Teresa Valencia, in want of counsel, and cause the following to be served on the court (1) copy to the clerk, and (1) copy to the Defendants Attorney. (Note: Ref. Doc. Entry Text #30. Exhibits attached to that entry can be annexed to this one)

Leura G. Canary
United States Attorney
James J. DuBois
Assistant U.S. Attorney
Georgia Bar No. 281445
U.S. Attorney's Office
P.O. Box 197
Montgomery, AL 36101-0197

Date

August 4, 2008

Respectfully Submitted

Teresa Valencia