IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

TERESA VALENCIA,                          )
                                          )
            Plaintiff,                    )
                                          )
      v.                                  )   CASE NO. 3:08-CV-69-WKW [WO]
                                          )
DEPARTMENT OF INTERIOR,                   )
WASHINGTON, DC, *et al.*,                 )
                                          )
            Defendants.                   )

## ORDER

On August 5, 2008, the Magistrate Judge filed a report and recommendation in this case. (Doc. # 38.)  Plaintiff Teresa Valencia ("Valencia") objected to portions of the recommendation on September 2, 2008 (Doc. # 43), but also filed a notice of appeal of the Magistrate Judge's recommendation pursuant to 28 U.S.C. § 1292 (Doc. # 45).  Despite the notice of appeal, however, this court retains jurisdiction to rule on the Magistrate Judge's recommendation.  "[A] premature notice of appeal does not divest the district court of jurisdiction over the case," *United States v. Kapelushnik*, 306 F.3d 1090, 1094 (11th Cir. 2002), and "[a]n attempt to appeal a non-appealable order remains just that, an attempt[,] . . . [and] a nullity," *id.* (internal quotation marks omitted).  Because a Magistrate Judge's recommendation is not an appealable order under § 1292, this court may rule on the recommendation despite the notice of appeal.  The court reviews *de novo* the portions of the recommendation to which Valencia objects.  *See* 28 U.S.C. § 636(b)(1)(C).

Valencia objects to sub-parts 2, 3, 7, 8, and 13 of the list of recommendations.  (Doc.

# 43, at 1.)  Those sub-parts encompass the recommendations to dismiss: **(1)** the claims against the United States of America ("United States") under the Federal Tort Claims Act ("FTCA") without prejudice; **(2)** the claims against all parties for "negligence, hazardous work conditions, and exposure to lead, arsenic, and mold spores" without prejudice; **(3)** the Title VII claims not dismissed elsewhere without prejudice; **(4)** the claims under 42 U.S.C. § 1986 without prejudice; and **(5)** the claims against all parties for breach of implied contract. (Doc. # 38, at 31-32.)   The court interprets Valencia's objections to also cover recommendations in: **(6)** sub-part (1) of the list of recommendations – that the United States be substituted as a defendant to the tort claims and that the court dismiss the claims against the Department of Interior ("DOI") and the individual defendants with prejudice;[1] **(7)** sub-parts (9) and (10) – that the court should dismiss the 42 U.S.C. § 1983 claims with prejudice;[2] and **(8)** sub-parts (11) and (12) – that the court dismiss claims for violations of the Fourteenth Amendment to the United States Constitution with prejudice, and constitutional claims brought pursuant to *Bivens*[3].

All of Valencia's objections are due to be overruled.  The certification required under

---

[1] Valencia challenges the certification required under 28 U.S.C. § 2679(d)(1) to substitute the United States for a defendant employee as defective and "only being certified after the fact." (Doc. # 43, at 2-3.)

[2] Valencia clearly challenges the dismissal of the § 1983 claims.  (*See* Doc. # 43, at 1-2, 3.)

[3] Valencia appears to challenge the *Bivens* claims' dismissals by stating: "[d]ue to the Defendants acting in their individual capacity & violating the Plaintiff's . . . Federal Constitutional Rights under the 8th and 14th amendments and for violating color of Federal law" (Doc. # 43, at 2), and the Fourteenth Amendment claims by alluding to "her 14th Amendment Right to procedure to due process" (Doc. # 43, at 4).

28 U.S.C. § 2679(d)(1) to substitute the United States as a defendant for a defendant employee "acting within the scope of his office or employment," *id.*, is not defective for failing to include a signature of the United States Attorney that was under oath.[4]   Section 2679 merely requires a "certification" from the Attorney General, *id.*, or the United States Attorney, 28 C.F.R. § 15.4(a), and the certification in this case that Defendants Catherine Farmer Light ("Light") and Herbert Tyrone Brandyburg ("Brandyburg") were acting within the scope of their federal office or employment was signed by the United States Attorney for the Middle District of Alabama, and thus, is not defective.   (*See* Doc. # 17 Ex. 1.) Additionally, Valencia's challenge that the certification "was after the fact," *see supra* note 1, seems to misunderstand the certification; it is by definition referring to an event that already has occurred.

Valencia's objections to dismissing the FTCA claims more generally are that she has exhausted her administrative remedies (Doc. # 43, at 5).   The Magistrate Judge recommends dismissing the FTCA claims for lack of jurisdiction for failure to exhaust administrative remedies as required by the FTCA.   (Doc. # 38, at 13.)   A plaintiff cannot bring a tort claim against the United States "unless it is presented in writing to the appropriate [f]ederal agency."   28 U.S.C. § 2401(b); *see also* 28 U.S.C. § 2675(a).   Valencia argues that she filed a complaint with the Occupational Safety and Health Administration, as well as with other agencies (Doc. # 43, at 5-6), but does not argue that she filed a complaint with the federal

---

[4] According to Valencia, "nowhere is there anything where Leura G. Canary swears under the Penalty of Perjury Attested to."   (Doc. # 43, at 2.)

agency against which her claims are directed – DOI (*see* Doc. # 43).  Indeed, as part of its memorandum in support of a motion to dismiss, the United States filed a declaration given by Marcella Gibson, the Regional Tort Claims Officer for the National Park Service, a bureau within DOI, that her agency has never received an administrative claim from Valencia.  (Doc. # 19 Ex. 1.)  The purpose of requiring plaintiffs to present their claims to federal agencies before suit is in part "to give federal agencies 'a fair opportunity to investigate and possibly settle . . . claim[s].'" *Burchfield v. United States*, 168 F.3d 1252, 1255 (11th Cir. 1999) (quoting *McNeil v. United States*, 508 U.S. 106, 111-12 (1993)).  That purpose is completely eviscerated if the plaintiff can satisfy this precondition to suit by submitting claims to other agencies but not to the agency that is the defendant.  Valencia has shown no proof of submitting a claim to DOI.  This court lacks jurisdiction to adjudicate her FTCA claims.

For the same reason, the court lacks jurisdiction over the claims for negligence, hazardous work conditions, and exposure.  As the recommendation explains (Doc. # 38, at 14-16), the Federal Employees Compensation Act ("FECA") provides the sole remedy for federal employees suing the United States for on-the-job injuries; the FTCA does not govern those grievances.  Though courts usually hold claims in abeyance where there is a substantial question as to whether FECA covers them, because Valencia's claims would otherwise be FTCA claims – and because she has failed to exhaust her administrative remedies to establish jurisdiction over her FTCA claims – dismissal of the FECA-related claims is appropriate.

4

(Doc. # 38, at 15-16.)

Valencia's objections to the recommendations on her Title VII claims are difficult to discern.  Sub-part 7 from the list of recommendations, which she specifically enumerated as one basis for her objections, concerns Title VII claims not covered elsewhere in the recommendation list, *i.e.*, Title VII claims that are not against Light and Brandyburg in their individual and official capacities (sub-part (5)), or claims for discrimination and a hostile work environment related to sexual orientation (sub-part (6)).  (Doc. # 38, 32-32.)  The recommendation advises dismissal of the remaining Title VII claims for failing to produce evidence of a right-to-sue letter from the EEOC (Doc. # 38, at 21), and Valencia has presented no argument for finding otherwise.

The focus of Valencia's objections are on the § 1983 and the § 1986 claims.  She argues that § 1983 "creates a remedy for damages against the [individual] Defendants in both capacities" (Doc. # 43, at 2) and alleges a 42 U.S.C. § 1985 claim to validate her 42 U.S.C. § 1986 claim (Doc. # 43, at 6-7)[5].  But Valencia faces an insurmountable legal barrier.  She has failed to overcome one important requirement for § 1983 and § 1986 claims: state action.  As the recommendation explains (Doc. # 38, at 24), and the court now confirms, § 1983 and § 1986 apply only to deprivations under color of state law, thereby disqualifying the United States and its officers acting under color of federal law from liability under these statutes.

---

[5] *See* § 1986 (describing liability as applying to "[e]very person who, having knowledge that any of the wrongs conspired to be done, and mentioned in [§] 1985 of this title, are about to be committed and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed").

*See* § 1983; *e.g.*, *United States v. Timmons*, 672 F.2d 1373, 1380 (11th Cir. 1982) ("It is well established in this circuit that the United States has not waived its immunity to suit under the provisions of the civil rights statutes.").  A party in its individual capacity qualifies as acting under color of state law only if that party was coerced by the state into violating the plaintiff's rights, preformed a public function, or served as a joint participant with the state in a relevant enterprise (Doc. # 38, at 26).  Valencia has not shown that any of those three scenarios was the case.[6]  (Doc. # 43, at 27.)

Finally, the objections to dismissing the *Bivens* claims fail for the reason cited by the recommendation.  A *Bivens* action refers to a cause of action, provided for under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against federal officers who allegedly violate an individual's constitutional rights under color of federal law.  *Hardison v. Cohen*, 375 F.3d 1262, 2364 (11th Cir. 2004).  The Civil Service Reform Act ("CSRA"), however, is the exclusive remedy for federal employees seeking *damages* against their federal employers for constitutional violations under *Bivens*.  *Id.* at 2364-65; *Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571, 1576-78 (11th Cir. 1990); *Lee v. Hughes*, 145 F.3d 1272, 1276-77 (11th Cir. 1998).  The Eleventh Circuit has been deliberate in recognizing that "[t]he Supreme Court has not addressed directly the issue whether a remedial statutory scheme necessarily precludes an action for *equitable* relief

---

[6] For the same reason that Valencia has failed to show state action, the recommendation to dismiss the Fourteenth Amendment claims is correct. (*See* Doc. # 38, at 27-28.)

6

brought by a federal employee," *Hardison*, 375 F.3d at 1266 (emphasis added).[7]  Indeed, in

an earlier panel decision, the Eleventh Circuit held that the "[CSRA] does *not* deprive the

United States Courts of their traditional injunctive power to protect constitutional rights" and

vacated a district court order that found the court could not intervene in a federal personnel

matter with an injunction because of the CSRA.  *Perry v. Thomas*, 849 F.2d 484, 484-85

(11th Cir. 1988) (per curiam) (emphasis addded) (cited in *Hardison*, 375 F.3d at 1266,

1267).[8]

     Because this court construes Valencia's pleadings to request only damages, except

with respect to her request for injunctive relief under 28 U.S.C. § 2283 to stay state court

proceedings, the court need not determine whether other equitable relief for her constitutional

claims would be appropriate.  The relief requested in the Amended Complaint is stated as

---

[7]  In *Stephens*, where the court found the CSRA was the exclusive remedy for federal employee personnel actions, the court did not mention equitable relief; in addition, the plaintiff had been eligible and had taken advantage of the administrative relief.  *Hardison*, 375 F.3d at 1267.  If the *Stephens* plaintiff had been without a remedy, "it is not clear that th[e] [c]ourt would have found that his equitable claim was barred."  *Id.*

[8]  A district court in Georgia has criticized *Hardison*'s analysis of *Stephens* and *Perry*.  *See Brown v. Chertoff*, 512 F. Supp. 2d 1367, 1370-71 (S.D. Ga. 2007).  The court faulted the *Hardison* court for neglecting to mention that in *Perry*, the Government *conceded* the point that the courts can grant equitable relief, and distinguished *Perry* as concerning *whether* federal courts have "injunctive powers to protect constitutional rights," from *Stephens*, which concerned whether those powers should be exercised.  *Id.* at 1371 (internal quotation marks omitted).  The court declined to follow "*Hardison's* dictum," *id.* at 1371, and instead followed *Stephens*, which, according to the Georgia district court, "squarely held that, even where a federal court has the power to prescribe an equitable remedy for a constitutional violation, exercising that power is inappropriate where Congress in fact has provided adequate remedial mechanisms," *id.* (internal quotation marks omitted).  Because the court finds Valencia has not requested equitable relief for violations of her constitutional claims outside of relief pursuant to 28 U.S.C. § 2283, *see infra*, the court refrains from addressing in more detail the divergence of opinions evident in *Brown*.

follows:

> Now the undersign [sic] seeks the following remedies and ask [sic] the court to award me for the following damages; compensatory damages; nominal damages, punitive damages, loss of enjoyment of life, mental anguish, deliberate indifference of medical well being, negligence estoppels, willful wanton recklessness endangerment of life.  The undersign [sic] seeks damages in the amount of seven million dollars due to the violations of her constitutional rights and the suffering she inquired at the hands of the defendants.  The plaintiff also seeks injunctive relief in pursuant to 28 U.S.C. 2283 in reference to her arguments based on law and facts.

(Doc. # 6, at 12.)  The only equitable requested relief is that pursuant to § 2283.[9]

Upon an independent review and a *de novo* determination of that portion of the recommendation to which objection is made, it is ORDERED as follows:

(1)      Valencia's objections (Doc. # 43) are OVERRULED;

(2)      The Report and Recommendation of the Magistrate Judge (Doc. # 38) is

ADOPTED;

(3)      Defendants' Motion to Dismiss (Doc. # 18) is GRANTED; and

(4)      All other motions are DENIED as moot.

DONE, this 7th day of October, 2008.

        /s/   W.  Keith Watkins        
UNITED STATES DISTRICT JUDGE

---

[9] The recommendation states that Valencia "appears to assert a *Bivens* claim for violations of the Fourth and Eighth Amendments to the United States Constitution wherein she seeks both monetary *and injunctive relief*."  (Doc. # 38, at 28 (emphasis added).)  The court respects the Magistrate Judge's interpretation of the pleadings, but declines to read them to request equitable relief outside of the § 2283 claim, which is the only discernible reference to a basis for equitable relief in the Amended Complaint.